IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| VARONIS SYSTEMS, INC., <br><br> Plaintiff, <br><br> v. <br><br> MATTHEW GUANCIALE and CYERA US INC., <br><br> Defendants. | C.A. No. 1:25-cv-00571-UNA |

**PLAINTIFF VARONIS SYSTEMS, INC.'S MOTION FOR EXPEDITED DISCOVERY AND FOR BRIEFING SCHEDULE ON MOTION FOR PRELIMINARY INJUNCTION**

Plaintiff Varonis Systems, Inc. ("Varonis") respectfully submits this Motion for Expedited Discovery (the "Motion") to prevent further irreparable harm resulting from the unlawful conduct of Defendants Matthew Guanciale ("Guanciale") and Cyera US Inc. ("Cyera" and with Guanciale, "Defendants").

**INTRODUCTION**

1. As set out more fully in the Opening Brief in Support of Motion for a Preliminary Injunction filed contemporaneously herewith, the current record supports the issuance of a preliminary injunction enjoining Cyera and Guanciale from further injuring Varonis in the immediate future. Guanciale has recently commenced employment with Cyera, a direct competitor of Varonis, in the role of Senior Sales Engineer—a position substantially similar to the positions he held at Varonis. Namely, Guanciale was employed by Varonis as Sales Engineer, Sales Engineering Team Lead and Manager, and Senior Sales Engineer. Guanciale's Sales Engineer role at Cyera therefore directly violates the terms of his Employment Agreement.

2. To assess the full extent of Guanciale's and Cyera's misconduct and to determine

the scope of Guanciale's contractual breaches, Varonis seeks narrowly tailored, expedited discovery. This limited discovery is essential to prevent imminent and irreparable harm to Varonis's business interests and the continued misuse of Varonis's trade secrets and confidential information.

3. Given the expedited timeline for a preliminary injunction hearing and in an effort to minimize any undue burden, Varonis requests authorization to pursue only the following on an expedited basis: (1) a deposition of Defendant Guanciale; (2) nine interrogatories and five document requests directed to Guanciale (Exs. 1 and 2); and (3) four document requests directed to Cyera (Ex. 3), all concerning Guanciale's communications with Cyera, Cyera's recruitment of Guanciale, and Guanciale's departure from Varonis.

4. Varonis's proposed discovery requests are attached hereto as **Exhibits 1–4**. Without timely discovery, Varonis may be unable to fully identify the nature and extent of the harm caused by Guanciale and Cyera's conduct or to effectively protect its confidential information, trade secrets, and business interests. For these reasons, discussed more fully below, the Court should grant Varonis's Motion and order this limited expedited discovery.

## BACKGROUND

5. Varonis is a leading provider of data security and analytics solutions, specializing in safeguarding enterprise data from internal and external threats and cyber threats. (Complaint ("Compl."), ¶ 11.) The company's platform enables organizations to manage and protect their data by analyzing data, user behavior, and account activity. (Compl., ¶ 12.)

6. Guanciale served in several roles during his seven-year tenure at Varonis, including Sales Engineer, Sales Engineering Team Lead and Manager, and Strategic Sales Engineer, where he was instrumental in cultivating and maintaining relationships with key customers and partners. (Compl., ¶ 17.) His role was pivotal in expanding Varonis's footprint in the competitive data

security market. (Compl., ¶ 18.) Entrusted with confidential customer information, trade secrets, strategic business plans, and in-depth knowledge of Varonis's products, including those in development, Guanciale had access to proprietary confidential information that is central to Varonis's competitive advantage. (Compl., ¶ 18.)

7. Further, Guanciale possessed critical and comprehensive insights into Varonis's pricing strategies, deal structures, and the specific features of its products that resonated most with clients. (Compl., ¶ 27.) His technical acumen enabled him to assist partners in developing expertise, mentor fellow Sales Engineers, and deliver compelling presentations to both existing and prospective clients, including C-Level stakeholders. (Compl., ¶ 28.)

8. Given the breadth and depth of Guanciale's knowledge of its business and strategies, Varonis understandably became alarmed when Guanciale announced his resignation and disclosed his intention to join Cyera, a direct competitor in the data security domain, in a similar capacity to his role at Varonis. (Compl., ¶ 15.) Given the overlap in services and the sensitive nature of the information Guanciale possesses, Guanciale's new role at Cyera poses a significant risk of inevitable disclosure of its trade secrets and confidential information. (Compl., ¶ 53.)

9. Guanciale's current employment with Cyera also violates the terms of his Employment Agreement, which includes clauses designed to protect Varonis's proprietary information and prevent unfair, unlawful competition. (Compl., ¶ 23.)Unless enjoined, Guanciale's employment at Cyera will result in irreparable harm to Varonis, including the loss of customer relationships, erosion of goodwill, and the compromise of its competitive positioning in the market. (Compl., ¶ 76.)

10. In light of these concerns, Varonis seeks a preliminary injunction to enforce the restrictive covenants outlined in Guanciale's Employment Agreement, aiming to prevent further

injury and to preserve the confidentiality and secrecy of Varonis's proprietary business information. (Compl., ¶ 76.) To that end, Varonis seeks expedited discovery on a relevant, narrow set of topics to fully evaluate the irreparable harm that it has suffered to date, prevent further irreparable injury, and develop the factual record in support of its motion for preliminary injunction. (Compl., ¶ 76.)

## ARGUMENT

11. Federal Rule of Civil Procedure 26(d) provides for the timing and sequence of discovery. "This Court has broad discretion to manage the discovery process, and can accelerate or otherwise alter the timing and sequence of discovery." *CytoDyn, Inc. v. Rosenbaum*, 2021 WL 4935888, at *1 (D. Del. Aug. 24, 2021) (cleaned up). Courts in the Third Circuit generally grant expedited discovery in the context of preliminary injunction motions. *Commissariat A L'Energie Atomique v. Dell Computer Corp.*, 2004 WL 406351, at *1 (D. Del. Mar. 3, 2004). "Expedited discovery has been ordered where it would better enable the court to judge the parties' interests and respective chances for success on the merits at a preliminary injunction hearing." *Id.* (cleaned up).

12. In evaluating a request for expedited discovery, Delaware courts look to a "reasonableness standard" or "good cause." *See, e.g.*, *id.; Kone Corp. v. ThyssenKrupp USA, Inc.*, 2011 WL 4478477, at *4 (D. Del. Sept. 26, 2011). If a party's application for expedited discovery relates to a pending motion seeking injunctive relief, courts evaluate the request by considering (1) the timing and context of the discovery requests, including whether a preliminary injunction hearing has been scheduled; (2) the scope and purpose of the requests; and (3) the nature of the burden to the respondent. *Id.* at *4, *6; *see also CytoDyn*, 2021 WL 4935888, at *1. Here, all three factors weigh in favor of granting expedited discovery in advance of a preliminary

4

injunction hearing in this case.

**I.     There is a time-sensitive need for expedited discovery.**

13.     Varonis respectfully requests expedited discovery to support its pending motion for a preliminary injunction. This request is both timely and essential, as this Court and courts in this Circuit have recognized that expedited discovery should precede consideration of dispositive motions when the facts sought are relevant to the relief sought. *See Coastal States Gas Corp. v. Dep't of Energy*, 84 F.R.D. 278, 282–83 (D. Del. 1979); *see also Canavan v. Beneficial Finance Corp.*, 553 F.2d 860, 865 (3d Cir. 1977).

14.     Varonis has demonstrated a likelihood of irreparable harm absent injunctive relief, due to the potential misuse of its confidential information and trade secrets by Guanciale in his new role at Cyera. Expedited discovery is crucial to uncover the full extent of any harm already incurred and to prevent further irreparable injury. Without such discovery, Guanciale will be able to continue hiding his misdeeds and Varonis will be forced to present its case at a preliminary injunction hearing on an incomplete record, risking further irreparable harm.

**II.    The purpose and scope of the requested expedited discovery are appropriate.**

15.     The expedited discovery Varonis seeks is narrowly tailored to address the specific issues at hand. Varonis's proposed discovery focuses on: (1) identifying the nature of Guanciale's roles and responsibilities at Cyera; (2) understanding the circumstances surrounding his recruitment to Cyera and departure from Varonis; and (3) determining whether Guanciale has retained or disclosed any of Varonis's confidential business information.

16.     These requests are confined to a discrete time period (when Guanciale was recruited or applied to Cyera for employment) and a limited set of matters, demonstrating that the discovery sought is sufficiently narrowly tailored to satisfy the reasonableness standard articulated above. Such matters include Guanciale's communications with Cyera and the nature of his

5

new role so that Varonis can assess the full extent of its irreparable harm. Discovery on these narrowly tailored matters will review the nature and extent of Varonis's trade secret and confidential, proprietary, and sensitive information that has been offered, requested, and otherwise communicated by Guanciale to Cyera, as well as the nature and extent of the similarities between Guanciale's roles at Varonis and Cyera. That information is necessary to demonstrate the true magnitude of the detriment to Varonis's competitive advantage in the industry resulting from Guanciale's employment at Cyera.

17. Expedited discovery will provide the Court with a more complete record on Varonis's preliminary injunction motion and the relief it ultimately seeks. Thus, it will "better enable the court to judge the parties' interests and respective chances for success on the merits at a preliminary injunction hearing." *Commissariat A L'Energie Atomique*, 2004 WL 406351, at *1 (citation omitted); *see also Kone*, 2011 WL 4478477, at *7 ("[C]ourts have regularly noted that expedited discovery is more likely to be an efficient use of the parties' resources when it relates to a pending preliminary injunction hearing, where it can help to ensure a clear and focused factual record.").

### III. Any burden on Defendants would be limited.

18. Additionally, the discovery requested imposes a minimal burden on Guanciale and Cyera. Varonis' requests target urgent issues in this litigation and have appropriate temporal limits. The requests call only for documents that should be readily available to Defendants and require minimal effort to produce.

19. Moreover, the information Varonis seeks cannot be obtained from any other sources besides Guanciale and Cyera. The compelling need for this information outweighs any slight burden the requests might impose. *See CytoDyn*, 2021 WL 4935888 at *1 (granting expedited discovery where "the tailoring of the discovery requests will minimize any burden to

6

Defendants"); *Commissariat A L'Energie Atomique*, 2004 WL 406351, at *1 (granting expedited discovery in part because defendant would not be "unduly prejudiced by providing the requested discovery").

## CONCLUSION

20. Expedited discovery is essential for Varonis to promptly uncover the extent of any misuse of its confidential information and trade secrets by Guanciale in his new role at Cyera. This early, narrowly tailored discovery will equip the Court with the necessary factual record to assess Varonis's request for a preliminary injunction. For the reasons discussed above, the Court should grant Varonis's Motion and permit Varonis' proposed expedited discovery.

|  | POTTER ANDERSON & CORROON LLP |
|---|---|
| OF COUNSEL: <br> (*pro hac vice* forthcoming) | |
| | By: */s/ John A. Sensing* |
| Kim R. Walberg, Esq. | Timothy R. Dudderar (No. 3890) |
| Benjamin S. Morrell, Esq. | John A. Sensing (No. 5232) |
| Nadia Diaz-Minor, Esq. | Hannah L. Paxton (No. 6398) |
| TAFT STETTINIUS & HOLLISTER LLP | Hercules Plaza, 6th Floor |
| 111 East Wacker Suite 2600 | 1313 North Market Street |
| Chicago, IL 60601-4208 | P.O. Box 951 |
| (312) 836-4164 – Telephone | Wilmington, DE 19801 |
| kwalberg@taftlaw.com | (302) 984-6000 – Telephone |
| BMorrell@taftlaw.com | tdudderar@potteranderson.com |
| NMinor@taftlaw.com | jsensing@potteranderson.com |
| | hpaxton@potteranderson.com |
| Dated: May 8, 2025 | *Attorneys for Plaintiff Varonis Systems, Inc.* |