# EXHIBIT 1

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| VARONIS SYSTEMS, INC., | |
| Plaintiff, | |
| v. | C.A. No. _____ |
| MATTHEW GUANCIALE and CYERA US INC., | |
| Defendants. | |

**PLAINTIFF'S FIRST SET OF INTERROGATORIES TO DEFENDANT GUANCIALE**

Pursuant to Federal Rules of Civil Procedure 26 and 33, Plaintiff Varonis Systems, Inc. ("Varonis") hereby submits its First Set of Interrogatories to Defendant Matthew Guanciale ("Guanciale"). Defendant shall produce full and complete answers to these interrogatories in writing and sworn under oath within seven days after the Court's entry of an order granting Varonis's motion for expedited discovery.

### Instructions and Definitions

1.      The terms "Defendant" and "You" as used herein shall refer to Defendant Matthew Guanciale.

2.      The terms "Plaintiff" and "Varonis" as used herein shall refer to Varonis Systems, Inc. and its affiliates, subsidiaries, and other related entities.

3.      The term "Cyera" as used herein shall refer to Cyera US Inc.

4.      The term "Employment Agreement" as used herein shall refer to the At-Will Employment, Confidential Information, Invention Assignment and Arbitration Agreement signed by Matthew Guanciale on May 1, 2018.

5.      The term "electronic device" includes, but is not limited to, smartphones,

tablets, laptops, or any similar device.

6.    The term "including" shall mean including but not limited to.

7.    The terms "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside of its scope.

8.    The term "identify" as used herein, shall mean the following:

- when used with reference to a document, to state the date and author (and, if different, the signors), the addressees, the identity of persons who received the document (or copies thereof), the type of document (e.g., letter, memorandum, etc.), the document's present or last known location and custodian and all other means of identifying the document with sufficient particularity to satisfy the requirements for its inclusion in a request for its production pursuant to Federal Rule of Civil Procedure 34; the identity of all persons with knowledge of each stated fact;

- when referring to a fact, an act, occasion, event, instance or occurrence, to state: (a) the identity of each person who participated in or witnessed the act, occasion, event, instance or occurrence; (b) the date, including year, month, and day, when it occurred; (c) the place where it occurred; (d) on whose behalf each said person participated or purported to participate; (e) the nature, subject matter, and circumstances surrounding it; (f) the nature and substance of all conversations and oral or written communications that occurred during or in connection with it; and (g) all documents concerning it or referring or relating to it.

9.    The term "any" shall be understood to include and encompass "all" and vice versa.

10.    The use of the singular form of any word includes the plural form and vice versa.

11.    If objecting to an Interrogatory on grounds of privilege or work-product, answer the Interrogatory with such non-privileged information as is responsive, identify the nature of the information withheld as privileged, and specify the basis for the claim of privilege.

12.    The information sought in the above Interrogatories is that which is current as of the date of the response, unless otherwise stated. These Interrogatories shall be deemed continuing so as to require further supplemental response to the extent additional information or documents are discovered and to the extent allowed by Federal Rule of Civil Procedure 26(e). This obligation

does not alter the Defendants' duty to comply with all other instructions and orders of the Court.

**Interrogatories**

**Interrogatory No. 1:** Provide a complete description of your position as Senior Sales Engineer at Cyera.

**Interrogatory No. 2:** Identify the dates and method of all communications you have had with any officers, directors, managers, employees, contractors, recruiters, consultants, and/or any other agents working for, with, or on behalf of Cyera since the date you began employment, in or around April 2025 (including but not limited to emails, text messages, and conversations).

**Interrogatory No. 3:** Identify the date(s) on which you and Cyera first discussed any potential employment, including roles other than the role you now occupy.

**Interrogatory No. 4:** Identify the date(s) on which Cyera extended to you any offer(s) of employment and when you accepted any offer(s) of employment.

**Interrogatory No. 5:** Identify the date(s) on which you first spoke with (any) counsel with regard to your Employment Agreement, along with the date you retained counsel with regard to this, if you did retain counsel.

**Interrogatory No. 6:** Provide a list of any officers, directors, managers, employees, recruiters, contractors, consultants, and/or any other agents working for, with, or on behalf of Cyera with whom you have been in contact since you began employment at Cyera, including their job description and their role at/for the company.

**Interrogatory No. 7:** Provide a list of any Cyera officers, directors, managers, employees,

contractors, consultants, clients, business partners, and/or any other agents working for, with, or on behalf of Cyera with whom you have discussed Varonis since January 1, 2025, include their full name, role at the company, and the date on which the contact occurred.

**Interrogatory No. 8:** Identify and describe in detail any Varonis documents and information derived from Varonis that you possessed or had control over at any time after your employment with Varonis ended on March 18, 2025.

**Interrogatory No. 9:** State whether you have, in the past year, used any personal electronic devices or personal means to create, access, store, or otherwise engage with Varonis information, and identify those devices. This includes, but is not limited to, creating, accessing, or engaging with work materials on personal smart phones, personal tablets, personal laptops, or personal email accounts accessed from any personal device or work device.

POTTER ANDERSON & CORROON LLP

OF COUNSEL:
(*pro hac vice* forthcoming)

By: */s/ John A. Sensing*

Kim R. Walberg, Esq.                        Timothy R. Dudderar (No. 3890)
Benjamin S. Morrell, Esq.                   John A. Sensing (No. 5232)
Nadia Diaz-Minor, Esq.                      Hannah L. Paxton (No. 6398)
TAFT STETTINIUS & HOLLISTER                 Hercules Plaza, 6th Floor
LLP                                         1313 North Market Street
111 East Wacker Suite 2600                  P.O. Box 951
Chicago, IL 60601-4208                      Wilmington, DE 19801
(312) 836-4164 – Telephone                  (302) 984-6000 – Telephone
kwalberg@taftlaw.com                        tdudderar@potteranderson.com
BMorrell@taftlaw.com                        jsensing@potteranderson.com
NMinor@taftlaw.com                          hpaxton@potteranderson.com

Dated: May 8, 2025                          *Attorneys for Plaintiff Varonis Systems, Inc.*

4

# EXHIBIT 2

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| VARONIS SYSTEMS, INC., | |
| Plaintiff, | |
| v. | C.A. No. _____ |
| MATTHEW GUANCIALE and CYERA US INC., | |
| Defendants. | |

**PLAINTIFF'S FIRST SET OF REQUESTS FOR**
**PRODUCTION OF DOCUMENTS TO DEFENDANT GUANCIALE**

Pursuant to Federal Rules of Civil Procedure 26 and 34, Plaintiff Varonis Systems, Inc. ("Varonis") requests that Defendant Matthew Guanciale ("Guanciale") produce the documents identified below. Guanciale shall provide written responses and objections and produce documents responsive to these Requests within seven days after the Court's entry of an order granting Varonis's motion for expedited discovery.

**Instruction and Definitions**

1.      The terms "Defendant" and "You" as used herein shall refer to Defendant Matthew Guanciale.

2.      The terms "Plaintiff" and "Varonis" as used herein shall refer to Varonis Systems, Inc. and its affiliates, subsidiaries, and other related entities.

3.      The term "Cyera" as used herein shall refer to Cyera US Inc.

4.      The term "Employment Agreement" as used herein shall refer to the At-Will Employment, Confidential Information, Invention Assignment and Arbitration Agreement signed by Matthew Guanciale on May 1, 2018.

5.      The term "electronic device" includes, but is not limited to, smartphones,

tablets, laptops, or any similar device.

6.    The term "including" shall mean including but not limited to.

7.    The terms "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside of its scope.

8.    The term "identify" as used herein, shall mean the following:

- when used with reference to a document, to state the date and author (and, if different, the signors), the addressees, the identity of persons who received the document (or copies thereof), the type of document (e.g., letter, memorandum, etc.), the document's present or last known location and custodian and all other means of identifying the document with sufficient particularity to satisfy the requirements for its inclusion in a request for its production pursuant to Federal Rule of Civil Procedure 34; the identity of all persons with knowledge of each stated fact;

- when referring to a fact, an act, occasion, event, instance or occurrence, to state: (a) the identity of each person who participated in or witnessed the act, occasion, event, instance or occurrence; (b) the date, including year, month, and day, when it occurred; (c) the place where it occurred; (d) on whose behalf each said person participated or purported to participate; (e) the nature, subject matter, and circumstances surrounding it; (f) the nature and substance of all conversations and oral or written communications that occurred during or in connection with it; and (g) all documents concerning it or referring or relating to it.

9.    The term "any" shall be understood to include and encompass "all" and vice versa.

10.    The use of the singular form of any word includes the plural form and vice versa.

### Requests for Production

**Request No. 1:** Produce all documents related to your position at Cyera. This includes prior drafts of the job description at Cyera, any employment contracts or agreements you entered with Cyera, as well as any formal or informal modifications to the description or discussions about the description, including but not limited to emails or text messages.

**Request No. 2:**  Produce all communications (of any kind) with any officers, directors,

managers, employees, recruiters, contractors, consultants, and/or any other agents working for, with, or on behalf of Cyera since you began your employment with Cyera.

**Request No. 3:** Produce all documents related to the Senior Sales Engineer position, or any other potential employment position(s), at Cyera since you began your new employment at Cyera.

**Request No. 4:** Produce any documents or communications stored on your personal devices related to Cyera since you began your new employment at Cyera.

**Request No. 5:** Produce any documents or communications stored on your personal devices since your began your employment with Cyera related to your employment at Varonis.

<table>
<tr><td></td><td>POTTER ANDERSON & CORROON LLP</td></tr>
<tr><td>OF COUNSEL:<br>(*pro hac vice* forthcoming)</td><td></td></tr>
<tr><td></td><td>By: <u>/s/ John A. Sensing</u></td></tr>
<tr><td>Kim R. Walberg, Esq.<br>Benjamin S. Morrell, Esq.<br>Nadia Diaz-Minor, Esq.<br>TAFT STETTINIUS & HOLLISTER LLP<br>111 East Wacker Suite 2600<br>Chicago, IL 60601-4208<br>(312) 836-4164 – Telephone<br>kwalberg@taftlaw.com<br>BMorrell@taftlaw.com<br>NMinor@taftlaw.com</td><td>Timothy R. Dudderar (No. 3890)<br>John A. Sensing (No. 5232)<br>Hannah L. Paxton (No. 6398)<br>Hercules Plaza, 6th Floor<br>1313 North Market Street<br>P.O. Box 951<br>Wilmington, DE 19801<br>(302) 984-6000 – Telephone<br>tdudderar@potteranderson.com<br>jsensing@potteranderson.com<br>hpaxton@potteranderson.com</td></tr>
<tr><td>Dated: May 8, 2025</td><td>*Attorneys for Plaintiff Varonis Systems, Inc.*</td></tr>
</table>

# EXHIBIT 3

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| VARONIS SYSTEMS, INC.,<br><br>               Plaintiff,<br><br>     v.<br><br>MATTHEW GUANCIALE and CYERA US INC.,<br><br>               Defendants. | C.A. No. _____ |

**PLAINTIFF'S FIRST SET OF REQUESTS FOR
<u>PRODUCTION OF DOCUMENTS TO DEFENDANT CYERA US INC.</u>**

Pursuant to Federal Rules of Civil Procedure 26 and 34, Plaintiff Varonis Systems, Inc. ("Varonis") requests that Defendant Cyera US Inc. ("Cyera") produce the documents identified below. Cyera shall provide written responses and objections and produce documents responsive to these Requests within seven days after the Court's entry of an order granting Varonis's motion for expedited discovery.

**Instructions and Definitions**

1.      The terms "Defendant" and "You" as used herein shall refer to Defendant Cyera.

2.      The terms "Plaintiff" and "Varonis" as used herein shall refer to Varonis Systems, Inc. and its affiliates, subsidiaries, and other related entities.

3.      The term "Cyera" as used herein shall refer to Cyera US Inc.

4.      The term "Employment Agreement" as used herein shall refer to the At-Will Employment, Confidential Information, Invention Assignment and Arbitration Agreement signed by Matthew Guanciale on May 1, 2018.

5.      The term "electronic device" includes, but is not limited to, smartphones,

tablets, laptops, or any similar device.

6.     The term "including" shall mean including but not limited to.

7.     The terms "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside of its scope.

8.     The term "identify" as used herein, shall mean the following:

- when used with reference to a document, to state the date and author (and, if different, the signors), the addressees, the identity of persons who received the document (or copies thereof), the type of document (e.g., letter, memorandum, etc.), the document's present or last known location and custodian and all other means of identifying the document with sufficient particularity to satisfy the requirements for its inclusion in a request for its production pursuant to Federal Rule of Civil Procedure 34; the identity of all persons with knowledge of each stated fact;

- when referring to a fact, an act, occasion, event, instance or occurrence, to state: (a) the identity of each person who participated in or witnessed the act, occasion, event, instance or occurrence; (b) the date, including year, month, and day, when it occurred; (c) the place where it occurred; (d) on whose behalf each said person participated or purported to participate; (e) the nature, subject matter, and circumstances surrounding it; (f) the nature and substance of all conversations and oral or written communications that occurred during or in connection with it; and (g) all documents concerning it or referring or relating to it.

9.     The term "any" shall be understood to include and encompass "all" and vice versa.

10.     The use of the singular form of any word includes the plural form and vice versa.

**Requests for Production**

**Request No. 1:** Provide a complete description of the position of Senior Sales Engineer currently held by Matthew Guanciale.

**Request No. 2:** Produce all communications with Matthew Guanciale since he applied for a position at Cyera.

**Request No. 3:** Produce all documents and all communications concerning Mathew

Guanciale from the time that he began employment in or around April 2025 at Cyera to the present.

**Request No. 4:** Produce all communications related to the Senior Sales Engineer position

at Cyera since Mathew Guanciale began employment at Cyera. Such records might include, but

POTTER ANDERSON & CORROON LLP

OF COUNSEL:
(*pro hac vice* forthcoming)

By: */s/ John A. Sensing*

Kim R. Walberg, Esq.
Benjamin S. Morrell, Esq.
Nadia Diaz-Minor, Esq.
TAFT STETTINIUS & HOLLISTER
LLP
111 East Wacker Suite 2600
Chicago, IL  60601-4208
(312) 836-4164 – Telephone
kwalberg@taftlaw.com
BMorrell@taftlaw.com
NMinor@taftlaw.com

Timothy R. Dudderar (No. 3890)
John A. Sensing (No. 5232)
Hannah L. Paxton (No. 6398)
Hercules Plaza, 6th Floor
1313 North Market Street
P.O. Box 951
Wilmington, DE 19801
(302) 984-6000 – Telephone
tdudderar@potteranderson.com
jsensing@potteranderson.com
hpaxton@potteranderson.com

Dated:  May 8, 2025

*Attorneys for Plaintiff Varonis Systems, Inc.*

# EXHIBIT 4

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| VARONIS SYSTEMS, INC., | |
| Plaintiff, | |
| v. | C.A. No. _____ |
| MATTHEW GUANCIALE and CYERA US INC., | |
| Defendants. | |

<u>**NOTICE OF DEPOSITION OF DEFENDANT MATTHEW GUANCIALE**</u>

PLEASE TAKE NOTICE that, pursuant to Federal Rule of Civil Procedure 30, Plaintiff Varonis Systems, Inc. ("Varonis"), by and through its attorneys, will take the deposition upon oral examination of Defendant Matthew Guanciale on a mutually agreeable date and time at _____. The deposition will commence at a mutually agreed upon time and will continue from day to day thereafter, excluding weekends and legal holidays, until completed, unless otherwise agreed by the parties.

The deposition will be taken before an officer authorized to administer oaths and may be recorded by any means permitted under the Federal Rules of Civil Procedure, including stenographic, audio, and video recording methods. Real-time transcription technology may also be utilized to facilitate the instant display of testimony.

*[Signature follows on next page]*

1

                                          POTTER ANDERSON & CORROON LLP

OF COUNSEL:
(*pro hac vice* forthcoming)

                                          By:  */s/ John A. Sensing*
Kim R. Walberg, Esq.                            Timothy R. Dudderar (No. 3890)
Benjamin S. Morrell, Esq.                       John A. Sensing (No. 5232)
Nadia Diaz-Minor, Esq.                          Hannah L. Paxton (No. 6398)
TAFT STETTINIUS & HOLLISTER                     Hercules Plaza, 6th Floor
LLP                                             1313 North Market Street
111 East Wacker Suite 2600                      P.O. Box 951
Chicago, IL  60601-4208                         Wilmington, DE 19801
(312) 836-4164 – Telephone                      (302) 984-6000 – Telephone
kwalberg@taftlaw.com                            tdudderar@potteranderson.com
BMorrell@taftlaw.com                            jsensing@potteranderson.com
NMinor@taftlaw.com                              hpaxton@potteranderson.com

Dated:  May 8, 2025                        *Attorneys for Plaintiff Varonis Systems, Inc.*