IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| VARONIS SYSTEMS, INC., <br><br> Plaintiff, <br><br> v. <br><br> MATTHEW GUANCIALE, CYERA US INC., and DAVID SCHMID, <br><br> Defendants. | C.A. No. 1:25-cv-00571-GBW |

**PLAINTIFF VARONIS SYSTEMS, INC.'S MOTION FOR EXPEDITED DISCOVERY AND FOR BRIEFING SCHEDULE AND HEARING ON MOTION FOR PRELIMINARY INJUNCTION AGAINST DEFENDANT DAVID SCHMID**

Plaintiff Varonis Systems, Inc. ("Varonis") respectfully submits this Motion for Expedited Discovery (the "Motion") to prevent further irreparable harm resulting from the unlawful conduct of Defendants David Schmid ("Schmid") and Cyera US Inc. ("Cyera" and with Schmid, "Defendants").[1]

**INTRODUCTION**

1.      As set out more fully in the Opening Brief in Support of Motion for a Preliminary Injunction filed contemporaneously herewith, the current record supports the issuance of a preliminary injunction enjoining Cyera and Schmid from further injuring Varonis in the immediate future. Schmid has recently commenced employment with Cyera, a direct competitor of Varonis, in the role of Senior Sales Engineer—the same position he last held at Varonis. Namely, Schmid was employed by Varonis as Sales Engineer and Senior Sales Engineer. Therefore, Schmid's Senior Sales Engineer role at Cyera directly violates the terms of his Employment Agreement.

---

[1] As this Motion is directed to Defendants Schmid and Cyera, it is filed in addition to, and does not replace or supersede, Varonis' prior motion for expedited discovery against Defendants Guanciale and Cyera, filed on May 8, 2025 (D.I. 7).

2.     To assess the full extent of Schmid's and Cyera's misconduct and to determine the scope of Schmid's contractual breaches, Varonis seeks narrowly tailored, expedited discovery. This limited discovery is essential to prevent imminent and irreparable harm to Varonis's business interests and the continued misuse of Varonis's trade secrets and confidential information.

3.     Given the expedited timeline for a preliminary injunction hearing and in an effort to minimize any undue burden, Varonis requests authorization to pursue only the following on an expedited basis: (1) a deposition of Defendant Schmid (Ex. 4); (2) nine interrogatories and five document requests directed to Schmid (Exs. 1 and 2); and (3) four document requests directed to Cyera (Ex. 3), all concerning Schmid's communications with Cyera, Cyera's recruitment of Schmid, and Schmid's departure from Varonis.

4.     Varonis's proposed discovery requests are attached hereto as **Exhibits 1–4**. Without timely discovery, Varonis may be unable to fully identify the nature and extent of the harm caused by Schmid and Cyera's conduct or to effectively protect its confidential information, trade secrets, and business interests. For these reasons, discussed more fully below, the Court should grant Varonis's Motion and order this limited expedited discovery.

## BACKGROUND

5.     Varonis is a leading provider of data security and analytics solutions, specializing in safeguarding enterprise data from internal and external threats and cyber threats. First Amended Complaint ("Compl."), ¶ 14. The company's platform enables organizations to manage and protect their data by analyzing data, user behavior, and account activity. *Id.* ¶ 15.

6.     Schmid was a Sales Engineer and Senior Sales Engineer at Varonis during his five-year tenure and was instrumental in cultivating and maintaining relationships with key customers and partners. *Id.* ¶ 97. Entrusted with confidential customer information, trade secrets, strategic

business plans, and in-depth knowledge of Varonis's products, including those in development, Schmid had access to proprietary confidential information that is central to Varonis's competitive advantage. *Id.* ¶¶ 104, 131.

7. Further, Schmid possessed critical and comprehensive insights into Varonis's pricing strategies, deal structures, and the specific features of its products that resonated most with customers. *Id.* ¶¶ 92-93, 96. His technical acumen enabled him to assist partners in developing expertise, and deliver compelling presentations to both existing and prospective customers, including C-Level stakeholders. *Id.* ¶ 88.

8. Given the breadth and depth of Schmid's knowledge of Veronis's business and strategies, and the overlap in services between Veronis and Cyera, as well as the sensitive nature of the information Schmid possesses, Schmid's new role at Cyera poses a significant risk of the inevitable disclosure of Veronis's trade secrets. *Id.* ¶¶ 98-104.

9. Schmid's current employment with Cyera also violates the terms of his Employment Agreement, which includes clauses designed to protect Varonis's proprietary information and prevent unfair, unlawful competition. *Id.* ¶ 112. Unless enjoined, Schmid's employment at Cyera will result in irreparable harm to Varonis, including the loss of customer relationships, erosion of goodwill, and the compromise of its competitive positioning in the market. *Id.* ¶ 134.

10. In light of these concerns, Varonis seeks a preliminary injunction to enforce the restrictive covenants outlined in Schmid's Employment Agreement, aiming to prevent further injury and to preserve the confidentiality and secrecy of Varonis's proprietary business information. To that end, Varonis seeks expedited discovery on a relevant, narrow set of topics to fully evaluate the irreparable harm that it has suffered to date, prevent further irreparable injury, and develop the factual record in support of its motion for preliminary injunction. *Id.* ¶ 147.

# ARGUMENT

11.  Federal Rule of Civil Procedure 26(d) provides for the timing and sequence of discovery. "This Court has broad discretion to manage the discovery process, and can accelerate or otherwise alter the timing and sequence of discovery." *CytoDyn, Inc. v. Rosenbaum*, 2021 WL 4935888, at *1 (D. Del. Aug. 24, 2021) (cleaned up). Courts in the Third Circuit generally grant expedited discovery in the context of preliminary injunction motions. *See Commissariat A L'Energie Atomique v. Dell Computer Corp.*, 2004 WL 406351, at *1 (D. Del. Mar. 3, 2004). "Expedited discovery has been ordered where it would better enable the court to judge the parties' interests and respective chances for success on the merits at a preliminary injunction hearing." *Id.* (cleaned up).

12.  In evaluating a request for expedited discovery, Delaware courts look to a "reasonableness standard" or "good cause." *See, e.g.*, *id.*; *Kone Corp. v. ThyssenKrupp USA, Inc.*, 2011 WL 4478477, at *4 (D. Del. Sept. 26, 2011). If a party's application for expedited discovery relates to a pending motion seeking injunctive relief, courts evaluate the request by considering (1) the timing and context of the discovery requests, including whether a preliminary injunction hearing has been scheduled; (2) the scope and purpose of the requests; and (3) the nature of the burden to the respondent. *Id.* at *4, *6; *see also CytoDyn*, 2021 WL 4935888, at *1. Here, all three factors weigh in favor of granting expedited discovery in advance of a preliminary injunction hearing in this matter.

**I.   There is a time-sensitive need for expedited discovery.**

13.  Varonis respectfully requests expedited discovery to support its pending motion for a preliminary injunction. This request is both timely and essential, as this Court and courts in this Circuit have recognized that expedited discovery should precede consideration of dispositive

motions when the facts sought are relevant to the relief sought. *See Coastal States Gas Corp. v. Dep't of Energy*, 84 F.R.D. 278, 282–83 (D. Del. 1979); *see also Canavan v. Beneficial Finance Corp.*, 553 F.2d 860, 865 (3d Cir. 1977).

14. Varonis has demonstrated a likelihood of irreparable harm in the absence of injunctive relief, given the potential risk that Schmid may misuse its confidential business information in his new role at Cyera. Expedited discovery is crucial to uncover the full extent of any harm already incurred and to prevent further irreparable injury. Without such discovery, Schmid will be able to continue hiding his misdeeds and Varonis will be forced to present its case at a preliminary injunction hearing on an incomplete record, risking further irreparable harm.

**II.     The purpose and scope of the requested expedited discovery are appropriate.**

15. The expedited discovery Varonis seeks is narrowly tailored to address the specific issues at hand. Varonis's proposed discovery focuses on: (1) identifying the nature of Schmid's roles and responsibilities at Cyera; (2) understanding the circumstances surrounding his recruitment to Cyera and departure from Varonis; and (3) determining whether Schmid has retained or disclosed any of Varonis's confidential business information and trade secrets.

16. These requests are confined to a discrete time period (when Schmid was recruited or applied to Cyera for employment) and a limited set of matters, demonstrating that the discovery sought is sufficiently narrowly tailored to satisfy the reasonableness standard articulated above. Such matters include Schmid's communications with Cyera and the nature of his new role so that Varonis can assess the full extent of its irreparable harm. Discovery on these narrowly tailored matters will reveal the nature and scope of Varonis's trade secrets and other confidential, proprietary, and sensitive information that Schmid disclosed, offered, or communicated to Cyera, as well as the extent of the similarities between Schmid's roles at Varonis and Cyera. That information is necessary to demonstrate the true magnitude of the detriment to Varonis's

5

competitive advantage in the industry resulting from Schmid's employment at Cyera.

17.     Expedited discovery will provide the Court with a more complete record on Varonis's preliminary injunction motion and the relief it ultimately seeks. Thus, it will "better enable the court to judge the parties' interests and respective chances for success on the merits at a preliminary injunction hearing." *Commissariat A L'Energie Atomique*, 2004 WL 406351, at *1 (citation omitted); *see also Kone*, 2011 WL 4478477, at *7 ("[C]ourts have regularly noted that expedited discovery is more likely to be an efficient use of the parties' resources when it relates to a pending preliminary injunction hearing, where it can help to ensure a clear and focused factual record.").

### III.     Any burden on Defendants would be limited.

18.     Additionally, the discovery requested imposes a minimal burden on Schmid and Cyera. Varonis' requests target urgent issues in this litigation and have appropriate temporal limits. The requests call only for documents that should be readily available to Defendants and require minimal effort to produce.

19.     Moreover, the information Varonis seeks cannot be obtained from any other sources besides Schmid and Cyera. The compelling need for this information outweighs any slight burden the requests might impose. *See CytoDyn*, 2021 WL 4935888 at *1 (granting expedited discovery where "the tailoring of the discovery requests will minimize any burden to Defendants"); *Commissariat A L'Energie Atomique*, 2004 WL 406351, at *1 (granting expedited discovery in part because defendant would not be "unduly prejudiced by providing the requested discovery").

### CONCLUSION

20.     Expedited discovery is essential for Varonis to promptly uncover the extent of any misuse of its confidential information and trade secrets by Schmid in his new role as Senior Sales

Engineer at Cyera. This early, narrowly tailored discovery will equip the Court with the necessary factual record to assess Varonis's request for a preliminary injunction. For the reasons discussed above, the Court should grant Varonis's Motion and permit Varonis' proposed expedited discovery.

|  |  |
|---|---|
|  | Respectfully submitted, |
|  | POTTER ANDERSON & CORROON LLP |
| OF COUNSEL:<br>(admitted *pro hac vice*) |  |
|  | By: */s/ John A. Sensing* |
| Kim R. Walberg, Esq.<br>Benjamin S. Morrell, Esq.<br>Nadia Diaz-Minor, Esq.<br>TAFT STETTINIUS & HOLLISTER LLP<br>111 East Wacker Suite 2600<br>Chicago, IL 60601-4208<br>(312) 836-4164 – Telephone<br>kwalberg@taftlaw.com<br>BMorrell@taftlaw.com<br>NMinor@taftlaw.com | Timothy R. Dudderar (No. 3890)<br>John A. Sensing (No. 5232)<br>Hannah L. Paxton (No. 7096)<br>Hercules Plaza, 6th Floor<br>1313 North Market Street<br>P.O. Box 951<br>Wilmington, DE 19801<br>(302) 984-6000 – Telephone<br>tdudderar@potteranderson.com<br>jsensing@potteranderson.com<br>hpaxton@potteranderson.com |
| Dated: June 18, 2025 | *Attorneys for Plaintiff Varonis Systems, Inc.* |