IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| VARONIS SYSTEMS, INC., <br><br> Plaintiff, <br><br> v. <br><br> MATTHEW GUANCIALE, CYERA US INC., and DAVID SCHMID <br><br> Defendants. | C.A. No. 1:25-cv-00571-GBW |

## DEFENDANTS' OPPOSITION TO
## PLAINTIFF'S MOTIONS FOR EXPEDITED DISCOVERY

Defendants Cyera US Inc. ("Cyera"), Matthew Guanciale, and David Schmid ("Defendants"), oppose Plaintiff Varonis System, Inc.'s ("Varonis") Motion for Expedited Discovery and for Briefing Schedule on Motion for Preliminary Injunction ("Motion to Expedite Against Guanciale") (D.I. 7) and Motion for Expedited Discovery and for Briefing Schedule and Hearing on Motion for Preliminary Injunction Against David Schmid ("Motion to Expedite Against Schmid") (D.I. 23) (collectively "Motions for Expedited Discovery"). [1]

### INTRODUCTION

1.    This Court should deny Varonis' Motions for Expedited Discovery for several procedural and substantive reasons:

- As explained in Defendants' motions to dismiss (D.I. 33, 34, 35, 36), Varonis' claims fail as a matter of law. Assuming Defendants' motions to dismiss are successful, the Court will dismiss the First Amended Complaint ("FAC") in its entirety, obviating the need for discovery.

---

[1] By filing this Opposition, Defendants do not waive and expressly reserve all rights and defenses relating to the FAC, including but not limited to, compelling this case to arbitration pursuant to the terms of the agreements entered into between Guanciale and Varonis on or around May 1, 2018 and between Schmid and Varonis on or around November 18, 2019 (*see* Exhibits 1 & 2 to the FAC at D.I. 18-2).

- Varonis has failed to articulate sufficient facts to meet the *Iqbal/Twombly* pleading standard and should not be permitted to go on a "fishing expedition" via expedited discovery to search for facts to fix these deficiencies. *See Ranke v. Sanofi- Synthelabo Inc.*, 436 F.3d 197, 204 (3d Cir. 2006) (court will not permit plaintiff "to conduct a fishing expedition in order to find a cause of action").

- Varonis' failure to diligently pursue its claims against Defendants shows expedited discovery is not time sensitive. Varonis filed the initial action on May 8, 2025, and took until June 18, 2025, to file the FAC and Motion to Expedite Against Schmid, despite representing to Cyera, on May 20, 2025, that "the papers are prepared and with the client awaiting final approval." *See* Declaration of Adam Roseman at ¶¶ 2-8 and **Exhibit 1** filed concurrently with this Opposition.

- The Individual Defendants have been employed by Cyera for more than 80 days (Guanciale) and 50 days (Schmid), and Plaintiff made no allegations in the FAC and Motions for Expedited Discovery (despite having ample time to investigate and uncover any alleged misappropriation) that even suggest either took any trade secrets or confidential information from Varonis when they left or that either has actually disclosed or used or threatened to disclose or use any of Varonis' alleged trade secrets or confidential information.

- Guanciale and Schmid have submitted sworn declarations that they did not take any alleged trade secrets or confidential information from Varonis when they left, that Cyera instructed them not to disclose or use any alleged trade secrets or confidential information during their employment at Cyera, and that they have not disclosed or used any of Varonis' alleged trade secrets or confidential information during their employment at Cyera. *See* Declarations of Matthew Guanciale (**Exhibit 2**) and David Schmid (**Exhibit 3**) filed concurrently with this Opposition.

- Varonis' FAC and Motions for Expedited Discovery have not alleged any actual harm or injury caused by any of the Defendants and instead relies on hypothetical, potential future harm based exclusively on the inapplicable "inevitable disclosure" doctrine.

- Varonis' proposed expedited discovery is overly broad and unduly burdensome to Defendants.[2]

## BACKGROUND

2.      Varonis provides data security and analytics solutions in safeguarding enterprise

data from internal and external threats and cyber threats. FAC at ¶ 14.

---

[2] Though Defendants seek the denial of Plaintiff's Motions for Expedited Discovery, Defendants alternatively seek a stay of all discovery pending the Court's rulings on Defendants' Motions to Dismiss.

3.    Varonis alleges Cyera is a "direct competitor." *Id.* at ¶ 18.

**A.    Defendant Matthew Guanciale.**

4.    Guanciale worked for Varonis from about May 21, 2018 to March 18, 2025. *Id.* at ¶ 18. Guanciale was initially a Sales Engineer and then promoted to Sales Engineering Team Leader and Manager. *Id.* at ¶ 20. At the end of his employment, Guanciale was a Strategic Sales Engineer. *Id.*

5.    Varonis alleges that, during his employment, Guanciale allegedly had access to confidential customer information, Varonis' "trade secrets," and cultivated and maintained customer relationships. D.I. 7 at ¶¶ 6-7.

6.    On March 17, 2025, Guanciale submitted his notice of resignation from Varonis with two weeks' notice. FAC at ¶ 18. The next day, however, Varonis cut off his access to its systems and ended his employment. *Id.*

7.    On or about April 1, 2025, Guanciale began his employment as a Senior Sales Engineer with Cyera. *Id.* at ¶ 63.

8.    Varonis does not allege that Guanciale has acquired, used, or disclosed or has actually threatened to use or disclose any Varonis confidential information or trade secrets. *See generally* FAC. Rather, Varonis sweepingly concludes that, given his new role at Cyera, there is a "significant risk of inevitable disclosure of its trade secrets and confidential information." D.I. 7 at ¶ 8.

9.    Guanciale has executed and now submits, concurrently with this Opposition, a declaration that states he did not take any alleged trade secrets or confidential information from Varonis when he left its employ, has been instructed by Cyera not to disclose or use any alleged Varonis trade secrets or confidential information in his employment at Cyera, and that he will not

disclose or use any alleged Varonis trade secrets or confidential information in his employment at Cyera. *See* Exhibit 2.

**B.    Defendant David Schmid.**

10.    Schmid worked for Varonis from December 9, 2019 until April 22, 2025. FAC at ¶ 76. Schmid served as a Sales Engineer until August 1, 2023 and then became a Senior Sales Engineer. *Id.*

11.    As with the allegations against Guanciale, Varonis alleges that Schmid allegedly had access to confidential customer information, Varonis trade secrets, cultivated and maintained customer relationships. D.I. 23 at ¶¶ 6-7.

12.    On April 22, 2025, Schmid submitted his resignation with two weeks' notice. The next day, however, Varonis cut off his access to its systems and ended his employment. FAC at ¶¶ 105-106.

13.    Varonis does not allege that Schmid has acquired, used, or disclosed or has threatened to use or disclose any Varonis confidential information or trade secrets. *See generally* FAC. Rather, Varonis alleges only, given his new role at Cyera, that there is a "significant risk of inevitable disclosure of its trade secrets and confidential information." D.I. 23 ¶ 8.

14.    Schmid has executed  and now submits, concurrently with this Opposition, a declaration that states he did not take any alleged trade secrets or confidential information from Varonis when he left its employ, has been instructed by Cyera not to disclose or use any alleged Varonis trade secrets or confidential information in his employment at Cyera, and that he will not disclose or use any alleged Varonis trade secrets or confidential information in his employment at Cyera. *See* Exhibit 3.

## ARGUMENT

15.     Courts have "broad discretion to manage the discovery process and can expedite or otherwise alter the timing and sequence of discovery." *Vision Films, Inc. v. John Doe 1-24*, 2013 LEXIS 38440, at *4 (D. Del. May 20, 2013).  Expedited discovery, however, is an exception to the federal rules and must be construed narrowly. *See Techtronic Indus. N. Am., Inc. v. Inventek Colloidal Cleaners LLC*, 2013 LEXIS 113956, at *6 (D.N.J. Aug. 13, 2013).

16.     The Third Circuit Court of Appeals has not established a standard governing motions to expedite discovery. *Schaper v. Lensar, Inc.*, 2023 LEXIS 120389, at *9 (D. Del. July 13, 2023).

17.     Courts in the Third Circuit, however, employ one of two tests for evaluating the necessity of expedited discovery. *Park Lawn Corp. v. Plotbox, Inc.*, 2021 LEXIS 148686, at *4 (D. Del. Aug. 9, 2021).

18.     Under the first test, known as the *Notaro* standard, the moving party must show: "(1) irreparable injury; (2) some probability of success on the merits; (3) some connection between the expedited discovery of success on  the merits; and (4) some evidence that the injury that will result without expedited discovery looms greater than the injury that the defendant will suffer if the expedited relief is granted." *Vision Films, Inc.*, 2013 LEXIS 38440, at *5 (quoting *Notaro v. Koch*, 95 F.R.D. 403, 405 (S.D.N.Y. 1982)).

19.     The other test is called the "reasonableness test" and is more liberal than the *Notaro* standard. *Park Lawn*, 2021 LEXIS 148686, at *4.

20.     Under the "reasonableness test," courts evaluate "(1) the timing and context of the discovery requests, including whether a preliminary injunction hearing has been scheduled; (2) the

scope and purpose of the requests; and (3) the nature of the burden to the respondent." *Kone Corp. v. Thyssenkrupp USA, Inc.*, 2011 LEXIS 109518 at \*11 (D. Del. Sept. 26, 2011).

21.    When a party seeks expedited discovery in support of a motion for preliminary injunction, some district courts have favored the "reasonableness test". *Schaper*, 2023 LEXIS 120389, at \*10-11.

22.    But as this Court has explained, the "reasonableness test" is not without problems. This is because it does not "require a court to consider the merits of a plaintiff's claims or threat of irreparable harm. Thus, what prevents a plaintiff with entirely frivolous claims and only a remote possibility of irreparable injury from using a motion to expedite discovery to engage in a fishing expedition?" *Park Lawn*, 2021 LEXIS 148686, at \*4.

23.    Thus, in *Park Lawn*, this Court ruled that the District of Delaware ought to follow the Delaware Court of Chancery's standard to address the merits of motions for expedited discovery. *Id.*

24.    The Court of Chancery's standard "still considers the merits of the claims and the threat of irreparable harm but requires a far less showing than that of a preliminary injunction." *Id.*

25.    A motion to expedite may be granted *only* if "the plaintiff has articulated a sufficiently colorable claim and shown a sufficient possibility of a threatened irreparable injury, as would justify imposing on the defendants and the public the extra (and sometimes substantial) costs of expedited preliminary injunction proceeding. *Id.* (quoting *Giammargo v. Snapple Beverage Corp.*, 1994 LEXIS 199 at \*6 (Del. Ch. Nov. 15, 1994)).

26.     In applying a combination of the "reasonableness test" and the Court of Chancery's test, the factors weigh heavily against expedited discovery and should result in the Motions for Expedited discovery being denied.[3]

## A.     Plaintiff Has Not Articulated Any Sufficiently Colorable Claims, Let Alone A Probability Of Success On The Merits.

25.     As explained in Defendants' motions to dismiss, Plaintiff's claims fail as a matter of law and should be dismissed. D.I. 33, 34, 35, 36.[4]

## B.     Expedited Discovery Is Unwarranted When Dispositive Motions Are Pending.

26.     This Court has discretion to stay discovery pending the determination of a dispositive motion upon a showing of good cause. *See Ferrari v. Forbes Media LLC*, 2025 LEXIS 50888, at *10 (D. Del. Mar. 19, 2025) (Williams, J.). A stay of discovery is appropriate where discovery will be futile if a pending dispositive motion is granted. *Mann v. Brenner*, 375 F. App'x 232, 239 (3d Cir. 2010) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 665 (2009)). Moreover, discovery should not be permitted for a plaintiff to find support for its claims. *Levey v. Brownstone Inv. Grp., LLC*, 590 F. App'x 132, 137 (3d Cir. 2014) (affirming stay of discovery pending motion to dismiss because plaintiff's request for discovery to find evidence of infringement "puts the cart before the horse"); *Ranke*, 436 F.3d at 204 (court will not permit plaintiff "to conduct a fishing expedition in order to find a cause of action").

---

[3] Plaintiff's Motions for Expedited Discovery also fail under the more rigorous *Notaro* test for the same reasons.

[4] As required by Delaware law, if Varonis' trade secret claims survive Defendants' motions to dismiss, this Court should not permit Varonis to engage in discovery unless and until it identifies with particularity the trade secrets Defendants have or may misappropriate. *Englehard Corp. v. Savin Corp.*, 505 A.2d 30, 33 (Del. Ch. 1986); *Savor Inc. v. FMR Corp.*, 2004 LEXIS 276, at *22 (Del. Super. Dec. 2, 2004).

27.    Here, it would be burdensome and prejudicial to Defendants for Plaintiffs to be permitted to seek expedited discovery when a dispositive motion is pending that may likely result in the dismissal of the entire case.

28.    Likewise, expedited discovery is premature where this Court's jurisdiction is in dispute. *See Reybold Grp. of Companies, Inc. v. Does 1-20*, 323 F.R.D. 205, 211 (D. Del. 2017) (denying motion for expedited discovery where "(1) the Plaintiff has not made out a prima facie case as to those federal statutory claims that supposedly give rise to federal subject matter jurisdiction; and (2) it does not appear that subject matter jurisdiction would otherwise exist in the absence of those federal statutory claims"). Defendants' motions to dismiss argue that Varonis' DTSA claim fails to sufficiently plead the elements of a trade secret and cannot – as a matter of law – be premised solely on the doctrine of inevitable disclosure and, provided the Court agrees, this Court will lack subject matter jurisdiction over the remainder of these proceedings.[5]

29.    Moreover, the Court should reject Varonis' expedited discovery request because Varonis' stated purpose for expedited discovery is solely to find support for its speculative claims of irreparable harm. D.I. 23 at ¶ 14 (stating purpose of expedited discovery is "crucial to uncover the full extent of any harm already incurred and to prevent further irreparable injury."). Varonis' FAC attempts to imply that *some* actual harm has already been uncovered, but Varonis has not articulated a single fact supporting its suggestion, and neither the FAC nor the Motions for Expedited Discovery allege that Varonis has suffered any actual harm or that there has been any

---

[5] Plaintiff's sole basis for original jurisdiction in this Court is the DTSA claim. FAC ¶ 11. Provided the Court agrees that Plaintiff has failed to state a viable DTSA claim and dismisses it, Cyera respectfully requests the Court exercises its discretion to dismiss Plaintiff's remaining state law claims. *See Lithero v. AstraZeneca Pharms., LP*, 2020 LEXIS 145592 at * 2-3 (D. Del. Aug. 13, 2020).

actual threat of harm in the form of alleged misappropriation of trade secrets or confidential information.

30.    Accordingly, this Court should deny the Motions for Expedited Discovery, or, alternatively, stay all discovery, expedited or otherwise, until the Court decides Defendants' motions to dismiss.

**C.    Varonis' Failure to Actively Prosecute its Claims or to Allege any Actual Irreparable Harm Shows Expedited Discovery is Unnecessary and not Time-Sensitive.**

32.    According to Varonis, defendants Guanciale and Schmid began their employment with Cyera on or about April 1, 2025 and early May 2025 respectively. FAC at ¶¶ 63; 108.

33.    More than *30 days after* Guanciale began his employment with Cyera, on May 8, 2025, Varonis filed a Complaint, Motion to Expedite Against Guanciale, and Motion for Preliminary Injunction Against Matthew Guanciale ("Guanciale Motions"). (D.I. 1-7).

34.    On May 20, 2025, Varonis' counsel told Cyera's counsel it was ready to file the FAC, specifically that "the papers are prepared and with the client awaiting final approval." Roseman Decl. at ¶¶ 2-8 and **Exhibit 1** thereto.

35.    On May 23, 2025, Varonis agreed to stay Cyera's opposition to the Guanciale Motions because (i) it represented it intended to file an amended complaint to add another defendant; (ii) Varonis had yet to serve Guanciale. D.I. 13.

36.    A week later, Varonis agreed to extend Cyera's deadline to file a responsive pleading to the Complaint until June 13, 2025. D.I. 14.

37.    On June 18, 2025, and more than *80 and 50 days after* Guanciale and Schmid began their employment with Cyera respectively, Varonis filed its FAC, a Motion for Preliminary Injunction, and a Motion to Expedite Against Schmid. D.I. 18-20; 23.

38.     Though Varonis alleges it will suffer irreparable harm if this Court does not act with expedition, Varonis' lack of diligence and speed in filing its pleadings alone demonstrates the lack of urgency it feels regarding this case.

39.     Moreover, the FAC adds no new allegations or causes of action against Guanciale or Cyera, and the allegations against Schmid are a retread of the same threadbare allegations against Guanciale and Cyera. There is no urgency to any of their claims.  Varonis can allege nothing more – because there is nothing more – even after three months have gone by for Varonis to investigate whether Guanciale and/or Schmid actually engaged in any wrongdoing (which they have not).

40.     Specifically, the FAC alleges only both Guanciale's and Schmid's employment with Cyera violates the non-compete provision in their At-Will Employment, Confidential Information, Invention Assignment, and Arbitration Agreements ("Restrictive Covenant Agreements") and because their job duties at Cyera are like their Varonis job duties, they will – at some hypothetical future point in time – inevitably disclose Varonis' ill-defined trade secrets during their employment. If Varonis had evidence that any Defendants are in possession of Varonis' "trade secrets," have misappropriated its "trade secrets," or have actually threatened to misappropriate its "trade secrets," the FAC would have alleged it.

41.     Accordingly, Varonis' lack of diligence in seeking injunctive relief and speculative allegations of irreparable harm weigh heavily against granting expedited discovery and weigh strongly in favor of denying the Motions for Expedited Discovery.

**D.     The Requested Discovery is Overbroad and Burdensome to Defendants.**

41.     Varonis posits that its proposed expedited discovery is "narrowly tailored to the issues at hand" (Motion to Expedite Against Guanciale at ¶ 15; Motion to Expedite Against

Schmidt at ¶ 15), that the burden on Defendants is minimal, and that the information sought cannot be obtained from other sources. Even a cursory review of the proposed discovery reveals that is not the case at all.

42.    Courts routinely deny expedited discovery where the discovery is overbroad in scope. *See Better Packages, Inc. v. Zheng*, 2006 LEXIS 30119, at *12-15 (D.N.J. May 17, 2006) (denying expedited discovery where broad scope "would lead the parties conducting nearly all discovery in an expedited fashion under the premise of preparing for a preliminary injunction, which is not the purpose of expedited discovery"); *Kone Corp. v. Thyssenkrupp USA, Inc.*, 2011 LEXIS 109518, at *23-25 (D. Del. Sept. 26, 2011) (finding expedited discovery related generally to parties' dispute overbroad and not narrowly tailored to issues presented during injunction motion).

43.    Varonis' proposed interrogatories and document requests to Schmid and Guanciale are a transparent attempt to engage in an impermissible "fishing expedition," not only about Varonis' claims (for which they have not alleged any factual support) but also far beyond that. *See Ranke*, 436 F.3d at 204. For example, Interrogatory No. 1 to Schmid includes 8 sub-parts and purports to require Schmid to provide granular detail about every aspect of his employment with Cyera.

44.    Likewise, Interrogatory No. 2 asks Schmid to:

> Identify each communication you have had with any officer, director, manager, employee, contractor, recruiter, consultant or agent of Cyera from April 1, 2025, to the present, that relates in any way to (a) your employment or role at Cyera; (b) your responsibilities or duties at Cyera, or (c) any actual or potential use of information you acquired during your employment with Varonis.

Ex. 1 to D.I. 23.

45. Interrogatory No. 2 asks Schmid to identify details of *every communication he has had during his employment with Cyera*. Such a request is plainly overbroad, extends beyond the boundaries of permissible discovery limited to the claims and defenses at issue in this case, and belies Varonis' argument that the proposed expedited discovery is narrow and poses a minimal burden. *See* Fed. R. Civ. P. 26(b)(1).

46. The document requests fare no better. For example, Request No. 2 to both Guanciale and Schmid ask them to produce *every communication* between them and any "officers, directors, managers, employees, recruiters, contractors, consultants, and/or any other agents working for, with, or on behalf of Cyera" since each began his employment. D.I. 7-2, Ex. 2; 23-1, Ex. 2.

47. Also, though directed at the individual defendants, Varonis' proposed document discovery would require Cyera to engage in a costly review of Guanciale's and Schmid's Cyera emails. First, as explained above, this is not an appropriate shifting of the parties' respective burdens. Plaintiff cannot file first and ask questions later. Second, the burden Varonis seeks to impose on all Defendants with this discovery, when Varonis has not articulated a single fact in support of its broad-ranging allegations against Defendants, is disproportionate, particularly now, while Defendants' motions to dismiss are pending and are likely to result in the dismissal of all of Varonis' claims against Defendants.

48. Further, many of Varonis' discovery requests are irrelevant to Varonis' injunction motions. Varonis argues expedited discovery is necessary to "prevent imminent and irreparable harm to Varonis' interests and the continued misuse of Varonis' trade secrets and irreparable harm to Varonis." D.I. 7 & 23, each ¶ 2. Varonis, however, has not alleged any facts that Defendants have misappropriated or threatened to misappropriate Varonis' "trade secrets." But that aside, most

of the proposed discovery requests relate to Guanciale's and Schmid's job duties generally and their recruitment to Cyera; neither of those topics relate to whether Defendants have acquired, used, disclosed, or threatened to use or disclose Varonis' "trade secrets." *Chubb INA Holdings, Inc. v. Chang*, 2016 U.S. Dist. LEXIS 82225, at *12 (D.N.J. June 24, 2016) ("Where the requests are overly broad and extend beyond the needs of the preliminary injunction, leave should be denied.").

49.    Defendants have already expended significant time and resources defending themselves from this meritless action. Forcing Defendants to engage in time-consuming and expensive discovery when their motions to dismiss have a strong likelihood of disposing of the entire case is not only unduly burdensome but highly prejudicial. Expedited discovery is a needless waste of money and other resources, takes Guanciale and Schmid away from their jobs without justification, and forces Cyera to focus on baseless litigation instead of its business.

## CONCLUSION

In short, Varonis is asking the Court to permit it to undertake an unrestrained fishing expedition to search for facts to support a FAC that is fatally defective and ripe for dismissal. The Court should not entertain such a transparent attempt to circumvent the order in which this case should proceed. For the reasons set forth in this motion and in Defendants' motions to dismiss, Defendants respectfully request that the Court deny Varonis' Motion for Expedited Discovery Against Matthew Guanciale (D.I. 7) and Motion for Expedited Discovery Against David Schmid (D.I. 23).

*Signature Page to Follow*

Dated: July 16, 2025

**YOUNG CONAWAY
STARGATT & TAYLOR, LLP**

*/s/ Mary F. Dugan*
Mary F. Dugan (No. 4704)
Rodney Square
1000 North King Street
Wilmington, DE 19801
Telephone: (302) 571-5028
mdugan@ycst.com

*Counsel for Defendants Matthew Guanciale
and David Schmid*

Respectfully submitted,

**REED SMITH LLP**

*/s/ Justin M. Forcier*
Brian M. Rostocki (No. 4599)

Justin M. Forcier (No. 6155)
1201 North Market Street, Suite 1500
Wilmington, DE 19801
Telephone: (302) 778-7500
brostocki@reedsmith.com
jforcier@reedsmith.com

**OF COUNSEL**

Adam R. Roseman, Esq. (*pro hac vice*)
REED SMITH LLP
1717 Arch St., Suite 3100
Philadelphia, PA 19103
Telephone: (215) 851-8103
aroseman@reedsmith.com

Garrett Parks, Esq. (*pro hac vice*)
REED SMITH LLP
1400 Wewatta Street, Suite 350
Denver, CO 80202
Telephone: (415) 659-4806
gparks@reedsmith.com

*Counsel for Defendant Cyera US, Inc.*