**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

|  |  |
|---|---|
| VARONIS SYSTEMS, INC.,<br><br>     Plaintiff,<br><br>  v.<br><br>MATTHEW GUANCIALE, CYERA US INC., and DAVID SCHMID<br><br>     Defendants. | C.A. No. 1:25-cv-00571-GBW |

**PLAINTIFF'S REPLY IN SUPPORT OF ITS MOTION FOR EXPEDITED DISCOVERY**


OF COUNSEL:
(admitted *pro hac vice*)

Kim R. Walberg, Esq.
Benjamin S. Morrell, Esq.
Nadia Diaz-Minor, Esq.
TAFT STETTINIUS & HOLLISTER LLP
111 East Wacker Suite 2600
Chicago, IL  60601-4208
(312) 836-4164 – Telephone
kwalberg@taftlaw.com
BMorrell@taftlaw.com
NMinor@taftlaw.com

Dated:  August 4, 2025

Timothy R. Dudderar (No. 3890)
John A. Sensing (No. 5232)
Hannah L. Paxton (No. 6398)
POTTER ANDERSON & CORROON LLP
Hercules Plaza, 6th Floor
1313 North Market Street
P.O. Box 951
Wilmington, DE 19801
(302) 984-6000 – Telephone
tdudderar@potteranderson.com
jsensing@potteranderson.com
hpaxton@potteranderson.com

*Attorneys for Plaintiff Varonis Systems, Inc.*

**TABLE OF CONTENTS**

Page

I. INTRODUCTION ...................................................................................................................1

II. THE COURT SHOULD DISREGARD DEFENDANTS' ATTEMPT TO MUDDY THE WATERS WITH RESPECT TO THE APPLICABLE LEGAL STANDARD ............................................................................................................................2

III. VARONIS HAS DEMONSTRATED THE NEED FOR EXPEDITED DISCOVERY UNDER THE PROPER STANDARD ...........................................................4

IV. VARONIS HAS SHOWN GOOD CAUSE AND URGENCY IN SEEKING EXPEDITED DISCOVERY ..................................................................................................5

V. THE MERE PENDENCY OF A MOTION TO DISMISS IS NOT AN AUTOMATIC BASIS TO DENY EXPEDITED DISCOVERY .........................................7

VI. CONCLUSION ....................................................................................................................10

# **TABLE OF AUTHORITIES**

**Page(s)**

**CASES**

*Deane v. Maginn*,
　2021 WL 4097327 (Del. Ch. Sept. 8, 2021) .......................................................................... 7-8

*Ferrari v. Forbes Media LLC*,
　2025 WL 860064, . (D. Del. Mar. 19, 2025) ............................................................................9

*Kone Corp. v. ThyssenKrupp USA, Inc.*,
　2011 WL 4478477 (D. Del. Sept. 26, 2011) ................................................................ 1, 4-5, 7

*In re McCrory Parent Corp.*,
　1991 WL 137145 (Del. Ch. July 3, 1991)................................................................................9

*Orloff v. Shulman*,
　2005 WL 333240 (Del. Ch. Feb. 2, 2005) ...............................................................................7

*Park Lawn Corp. v. PlotBox, Inc.*,
　2021 WL 3490020 (D. Del. Aug. 9, 2021) ......................................................................... 2-3

*In re Yahoo! Inc. S'holders Litig.*,
　2008 WL 2721800 (Del. Ch. July 11, 2008).............................................................................7

**I.      INTRODUCTION**

Defendants' response in opposition to Varonis's motion for expedited discovery (D.I. 37 ("Opp.")) distorts both the applicable legal standard and the factual record. Expedited discovery is not so rare or extraordinary as Defendants suggest—it is routinely granted in the context of preliminary injunction proceedings to "help to ensure a clear and focused factual record." *Kone Corp. v. ThyssenKrupp USA, Inc.*, 2011 WL 4478477, at *7 (D. Del. Sept. 26, 2011) (citing *EXL Labs., LLC v. Egolf*, 2010 WL 5000835, at *8 (E.D. Pa. Dec. 7, 2010)) (granting expedited discovery where a preliminary injunction hearing was pending). The heightened standard Defendants advocate applying is not favored in the circumstances present here. Courts in this Circuit have consistently held that expedited discovery is especially suitable where it would assist the court in evaluating the parties' positions and likelihood of success on the merits in connection with a preliminary injunction hearing. *Kone*, 2011 WL 4478477, at *7. As such, expedited discovery is routinely authorized in these circumstances—to preserve the status quo.

Varonis's discovery requests, meanwhile, are narrowly tailored, limited in temporal scope, and proportional to the needs of the case, further supporting the appropriateness of expedited discovery here. While Defendants complain about delays in the litigation thus far, the record shows that any delay is due to their own multiple requests for extensions of time. Varonis has pushed this case forward with diligence, and the Court should not punish it for agreeing to the requested extensions as a courtesy. The Court should also reject Defendants' argument that a pending motion to dismiss heavily favors a stay (it does not), as well as their self-serving declarations, which are not an adequate substitute for expedited discovery.

For these reasons, discussed more fully below, the Court should grant Varonis's motion and allow the limited expedited discovery sought.

## II. THE COURT SHOULD DISREGARD DEFENDANTS' ATTEMPT TO MUDDY THE WATERS WITH RESPECT TO THE APPLICABLE LEGAL STANDARD.

Defendants improperly seek to impose a heightened standard, namely, a "probability of success on the merits" and "actual harm" requirement, drawn from the *Notaro* preliminary injunction framework. (Opp. at 5.) But such a standard is not applicable at the expedited discovery stage. As the Courts in this district have repeatedly emphasized, the appropriate standard for evaluating motions for expedited discovery is far more modest: a plaintiff need only demonstrate a ***colorable claim*** and a ***sufficient possibility of irreparable harm***. Conclusive proof is not required at this preliminary stage.

Defendants rely on *Park Lawn Corp. v. PlotBox, Inc.*, 2021 WL 3490020, at *1 (D. Del. Aug. 9, 2021), to argue that the Court should incorporate the Delaware Court of Chancery's approach to evaluating the merits of expedited discovery. (Opp. at 5.) But *Park Lawn* actually supports Varonis's position. The court in that case expressly acknowledged that when a party seeks expedited discovery in connection with an anticipated motion for preliminary injunction—as is the case here—courts in this District favor the reasonableness standard over the more rigid *Notaro* test, precisely because *Notaro* is "circular and ineffective." *Id.* at *2, *6. As the court explained, "[u]nder a *Notaro*-style analysis, a movant would have to paradoxically demonstrate a 'probability of success' on the merits of infringement to justify discovery—discovery that is presumably needed in order to help make a showing of the same type of 'likelihood of success' at a later preliminary injunction hearing." *Id.* at *2.

Moreover, the court in *Park Lawn* denied the motion for expedited discovery due to facts not present here: (1) the plaintiff had not yet filed a motion for preliminary injunction, undercutting the urgency of discovery; (2) a motion to dismiss was not fully briefed[1]; (3) the plaintiff failed to

---

[1] *See* discussion at Section V.

2

articulate a specific and imminent threat of harm, offering only vague assertions about the nature of the allegedly misused confidential information; (4) the plaintiff's software product was still in development, rendering any competitive harm speculative at best; and (5) the plaintiff did not submit its actual discovery requests or identify the witnesses it wished to depose, preventing the court from evaluating the reasonableness and burden of the requests. *Id.* at *2–3. Further, the Court's brief reference to concerns about "fishing expeditions" was not, as Defendants suggest, a wholesale rejection of early discovery. Rather, it reflected the court's concern about parties seeking discovery without first filing a motion for injunctive relief or identifying a specific harm justifying such relief.

Here, by contrast, Varonis has already filed a motion for preliminary injunction supported by a detailed opening brief explaining the urgency and factual basis for injunctive relief (to which Defendants declined to substantively respond), as well as the need for discovery to support that motion. Varonis has also served targeted and appropriately narrowed discovery requests, limiting them by timeframe and subject matter, and have identified the relevant individuals from whom they seek interrogatories, namely, Matthew Guanciale and David Schmid. Furthermore, the risk of competitive harm here is far from speculative. Varonis and Cyera directly compete in the same sector and for the same customers, and Defendants' misappropriation threatens immediate and concrete damage to Varonis's business relationships and market position. Accordingly, expedited discovery is warranted.[2]

---

[2] Also, courts may deny expedited proceedings where plaintiffs fail to demonstrate both a colorable claim and a plausible threat of irreparable harm, particularly when any alleged injury ***is fully compensable by money damages*** and the defendants are financially capable of satisfying a judgment. *Giammargo*, 1994 WL 672698, at *2–3. Here, however, Varonis seeks a preliminary injunction to prevent the misuse and continued access of its confidential business information by a direct competitor, harm that is not readily remediable by monetary relief as was the case in *Giammargo*. Accordingly, Defendants' reliance on *Giammargo* is misplaced. (Opp. at 6.)

3

### III. VARONIS HAS DEMONSTRATED THE NEED FOR EXPEDITED DISCOVERY UNDER THE PROPER STANDARD.

Under the "reasonableness" standard applied by courts in this District, expedited discovery is appropriate where the request is narrowly tailored and justified in light of the case's specific circumstances. Courts weigh several factors, including: (1) the timing and context of the request—***particularly where a preliminary injunction is pending***; (2) the scope and relevance of the discovery sought; and (3) the burden imposed on the responding party. *Kone*, 2011 WL 4478477, at *4; *Williams*, 2015 WL 184024, at *2.

Each of these factors supports granting expedited discovery here. Varonis's request is narrowly focused on specific factual issues that go to the heart of the pending preliminary injunction motion, namely, when Cyera first became aware that Defendants Guanciale and Schmid were bound by restrictive covenants with Varonis, and whether Schmid or Guanciale disclosed or used Varonis's confidential information in violation of their obligations set out in those restrictive covenants. Varonis seeks only limited interrogatories from Mr. Guanciale concerning a narrow timeframe beginning shortly before his departure from Varonis on March 18, 2025. (D.I. 7-2.) The interrogatories are also temporally confined to information regarding when Cyera offered him employment and, critically, request that he identify and describe in detail any Varonis documents or information he possessed or controlled after his employment ended, issues central to the preliminary injunction.

Defendants argue that the interrogatories directed to Schmid are "plainly overbroad," but this assertion is unfounded. (Opp. at 11.) Schmid is merely asked to identify each communication he has had since beginning his employment with Cyera on April 1, 2025, a request that is limited in temporal and subject matter scope. The interrogatory specifically targets communications relating to "any actual or potential use of information [he] acquired during [his] employment with

4

Varonis," a matter directly relevant to the issues underlying the preliminary injunction. (D.I. 23-1 at 4.)

Further, the requests for production are appropriately limited in temporal scope. Defendant contends that the requests directed to both Guanciale and Schmid seek only communications from the start of their respective employment periods—narrowly tailored in time—and are necessary to assess whether either individual disclosed any of Varonis's confidential information to Cyera, its employees, or agents.

The requests are limited in time to the relevant application and onboarding period, and in subject matter to key communications reflecting notice, knowledge, or use of Varonis's confidential information. This targeted discovery is necessary to resolve the central disputed facts relevant to the likelihood of success on the merits, and courts routinely allow such discovery in aid of preliminary injunctive relief. *See Kone Corp.*, 2011 WL 4478477, at *7–8.

## IV. VARONIS HAS SHOWN GOOD CAUSE AND URGENCY IN SEEKING EXPEDITED DISCOVERY.

Defendants' argument that Varonis acted without urgency does not square with the factual record. Upon learning of Defendants' new employment, Varonis promptly undertook a thorough, good-faith investigation and prepared its pleadings with diligence, actions that reflect responsible litigation practice, not delay. Cyera chides Varonis for the length of time it took to file the amended complaint. Varonis was compelled to file the amended complaint, not as a vehicle for delay, but because Cyera continued to poach its employees *even after* it was on notice of Varonis's original complaint and motion for preliminary injunction. Moreover, Varonis's preparation of the amended complaint required appropriate consultation, fact verification, and analysis to ensure its merit. At every turn, Varonis has moved expeditiously in pursuing relief.

By contrast, it is Defendants who have repeatedly sought extensions and agreed-upon

pauses to accommodate their own scheduling needs. For example, on May 21, 2025, Defendants' counsel expressly requested that the parties file a joint stipulation suspending Defendants' deadlines to respond to the motion to expedite discovery and the motion for preliminary injunction, pending ongoing negotiations of an expedited discovery schedule and Plaintiff's anticipated amended complaint. Defendants further proposed that the parties would submit a proposed discovery schedule within 5–7 business days of the stipulation. Subsequently, on June 5, 2025, counsel for Defendant Guanciale again requested a stipulation for an extension of time to respond to Plaintiff's complaint, and on June 13, 2025, counsel for Defendant Cyera sought yet another extension for Cyera's deadline to respond. (*See* Emails from counsels for Cyera, David Schmid, and Matthew Guanciale requesting stipulations to extend their respective deadlines, dated May 21, 2025; May 30, 2025; June 3, 2025; June 13, 2025, and July 2, 2025, attached as Exhibits A. – E.) Defendants' willingness first to negotiate a discovery schedule and then suspend those negotiations pending the filing of the amended complaint demonstrates Defendants' lack of opposition to Varonis's request for expedited discovery. Defendants' newly asserted arguments to the contrary reflect an abrupt reversal of course.

These facts make clear that any brief intervals in this matter resulted either from the parties' mutual agreements or at Defendants' initiative—not through any lack of urgency or improper delay by Plaintiff. To suggest otherwise is simply inaccurate. Moreover, Defendants' ongoing employment with Cyera means that the threat of irreparable harm to Varonis remains immediate and continuing, underscoring the urgent need for prompt, court-supervised discovery.

Varonis's requests are directly focused on three discrete issues:

- Whether Defendants retained or disclosed trade secrets;
- The exact scope of their current roles and responsibilities at Cyera, which will allow Varonis to assess how closely those roles align with their former positions and evaluate the likelihood that Varonis's confidential information could be misused as a result; and

- Communications or documents concerning Schmid's and Guanciale's possession, retention, or access to Varonis's confidential information after they departed Varonis.

Defendants' assertion that the discovery requests are overbroad or unduly burdensome exaggerates both their scope and any hardship. As mentioned above, the requests are limited to a narrow time frame and discrete topics critical to the preliminary injunction motion. Varonis is willing to meet and confer to further tailor any request.

However, to the extent the Court finds any portion of the requested discovery overbroad, it may exercise its discretion to tailor discovery as it deems appropriate. As the court explained in *Kone*, "[g]ood cause exists to depart from the ordinary discovery process to allow Plaintiff to pursue discovery on [key topics]," and the Court may, where warranted, "outline[ ] specific topics for such discovery." *Id.* at *8 (citing *Semitool, Inc. v. Tokyo Electron Am., Inc.*, 208 F.R.D. 273, 277–78 (N.D. Cal. 2002)). Given the limited nature of the proposed discovery and the procedural posture of this case, any burden on Defendants would be minimal and justified.

## V. THE MERE PENDENCY OF A MOTION TO DISMISS IS NOT AN AUTOMATIC BASIS TO DENY EXPEDITED DISCOVERY.

Contrary to Defendants' assertion, the mere pendency of a motion to dismiss is not an automatic basis to deny expedited discovery. *Deane v. Maginn*, 2021 WL 4097327, at *1 (Del. Ch. Sept. 8, 2021); *Orloff v. Shulman*, 2005 WL 333240, at *1 (Del. Ch. Feb. 2, 2005) ("There is no right to [a] stay of discovery, even where a case dispositive motion has been filed."); *In re Yahoo! Inc. S'holders Litig.*, 2008 WL 2721800, at *1 (Del. Ch. July 11, 2008) (same). Instead, courts apply a flexible, context-specific approach that balances competing interests of efficiency and fairness, evaluating: (1) whether the dispositive motion is likely to resolve the entire litigation; (2) whether the plaintiff seeks interim relief; and (3) whether delay may cause irreparable harm, including through the loss or staleness of evidence. *Deane*, 2021 WL 4097327, at *1. These considerations must be evaluated in light of the particular facts of the case, not as rigid or

dispositive rules.

In *Deane*, the court denied a stay because granting it would have left the parties with less than a month to complete discovery, creating a compressed timeframe that would severely prejudice the plaintiffs and conflict with the agreed litigation schedule. *Id.* at *2. The court also found it significant—***and prejudicial***—that the defendant unilaterally delayed by waiting nearly a month after receiving discovery requests before moving to stay, thereby securing an unofficial discovery pause. *Id.* at *2 (denying motion to stay discovery where defendant delayed nearly a month before seeking a stay, effectively imposed a unilateral discovery pause, and improperly refused to participate in discovery based on his own assessment of the merits of the case.) Here, as in *Deane*, Defendants have repeatedly sought extensions, effectively granting themselves a *de facto* stay of discovery, to Varonis's detriment and with resulting prejudice.[3] (*See* Emails from counsels for Cyera, David Schmid, and Matthew Guanciale requesting stipulations to extend their respective deadlines, dated May 21, 2025; May 30, 2025; June 3, 2025; June 13, 2025, and July 2, 2025, attached as Exhibits A – E.)

Furthermore, Plaintiff is pursuing interim relief by way of a preliminary injunction, and prompt discovery is necessary to prevent the continued loss of Varonis's confidential information. Accordingly, Defendants' reliance on generalized arguments for a stay is unavailing. *Deane* confirms both the need for flexibility and that prejudice to Varonis and the risk of lost evidence substantially outweigh any speculative inefficiency posed by discovery continuing

---

[3] *See* D.I. 13, Defendant's Stipulation and [Proposed] Order to Stay Defendant Cyera US Inc's Deadline to Respond to Plaintiff's Motion for Expedited Discovery and Motion for Preliminary Injunction; D.I. 15, Stipulation and [Proposed] Order to Stay Defendant Matthew Guanciale's Deadlines to Respond to Complaint, Motion for Expedited Discovery, and Motion for Preliminary Injunction; D.I. 25, Stipulation and [Proposed] Order to Set Defendant's Responsive Pleading Deadline for July 16, 2025 (setting deadline to respond 69 days after the initial complaint was filed).

alongside a pending dispositive motion.

Delaware precedent further supports this flexible standard, particularly where a plaintiff has asserted a colorable claim and seeks preliminary injunctive relief. *See In re McCrory Parent Corp.*, 1991 WL 137145, at *1 (Del. Ch. July 3, 1991) (explaining that while avoiding unnecessary discovery is a consideration, discovery should proceed where the plaintiff presents a colorable claim of imminent harm or *seeks interim relief*). That is precisely the situation here. Varonis has alleged ongoing misuse and risk of disclosure of its confidential information and seeks a preliminary injunction to prevent further harm. Under settled Delaware law, those circumstances weigh strongly in favor of allowing limited, targeted discovery to proceed without delay. Additionally, Varonis's First Amended Complaint more than satisfies *Twombly/Iqbal*, making broad discovery stays inappropriate. To the contrary, prompt discovery is essential where the core risk is ongoing, unmonitored competition.

Defendants rely on *Ferrari v. Forbes Media LLC*, 2025 WL 860064, at *4–5. (D. Del. Mar. 19, 2025), to argue that courts have discretion to stay discovery pending resolution of a dispositive motion. (Opp. at 7.) While *Ferrari* acknowledges that a stay may be appropriate where discovery would be futile—such as when a motion to dismiss may fully dispose of the case—the factual and legal context in *Ferrari* differs significantly from this case. *Id.* at *3–4. Most notably, *Ferrari* involved a defamation claim between **non-competitors**, where the alleged harm was reputational and the court emphasized that money damages would be an adequate remedy. *Id.* at 6.

Here, by contrast, Varonis asserts claims for which monetary damages are inadequate precisely because Varonis seeks a preliminary injunction. Further, Plaintiff competes with Cyera, and the core allegations involve the misappropriation and continued use of confidential trade secrets. The risk of ongoing harm and competitive disadvantage cannot be remedied through

9

damages alone. Thus, *Ferrari* is inapposite. The considerations underlying the stay in that defamation case—where discovery could await judicial determination without real prejudice—do not apply here where Plaintiff seeks urgent relief to prevent or mitigate the exploitation of proprietary business information by Cyera, a direct market competitor. Indeed, if discovery were stayed every time a motion to dismiss were pending, a defendant could moot a preliminary injunction motion simply by filing a motion to dismiss, thereby rendering the availability of emergency injunctive relief illusory.

Finally, Defendants' self-serving declarations are not a substitute for discovery. They cannot unilaterally resolve factual disputes at issue or shield Defendants from reasonable, narrowly tailored discovery into their actions and current roles at Cyera, Varonis's direct competitor. Courts routinely authorize discovery despite such denials, especially where, as here, there are credible concerns that Varonis's confidential information may be used or disclosed by individuals now working for Cyera, a company that directly competed with Varonis and serves the same customers.

## VI. CONCLUSION

For the reasons discussed above and in Varonis's initial filing, the Court should grant the motion for expedited discovery.

*[Signature follows on next page]*

|  |  |
|---|---|
| OF COUNSEL:<br>(*pro hac vice* forthcoming)<br><br>Kim R. Walberg, Esq.<br>Benjamin S. Morrell, Esq.<br>Nadia Diaz-Minor, Esq.<br>TAFT STETTINIUS & HOLLISTER LLP<br>111 East Wacker Suite 2600<br>Chicago, IL  60601-4208<br>(213) 836-4164– Telephone<br>kwalberg@taftlaw.com<br>BMorrell@taftlaw.com<br>NMinor@taftlaw.com<br><br>Dated:  August 4, 2025 | POTTER ANDERSON & CORROON LLP<br><br>By: */s/ John A. Sensing*<br>     Timothy R. Dudderar (No. 3890)<br>     John A. Sensing (No. 5232)<br>     Hannah L. Paxton (No. 6398)<br>     Hercules Plaza, 6th Floor<br>     1313 North Market Street<br>     P.O. Box 951<br>     Wilmington, DE 19801<br>     (302) 984-6000 – Telephone<br>     tdudderar@potteranderson.com<br>     jsensing@potteranderson.com<br>     hpaxton@potteranderson.com<br><br>*Attorneys for Plaintiff Varonis Systems, Inc.* |