IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| VARONIS SYSTEMS, INC.,<br><br>    Plaintiff,<br><br>    v.<br><br>MATTHEW GUANCIALE, CYERA US INC., and DAVID SCHMID<br><br>    Defendants. | C.A. No. 1:25-cv-00571-GBW |

**DEFENDANTS' NOTICE OF SUPPLEMENTAL AUTHORITY
IN SUPPORT OF THEIR MOTIONS TO DISMISS**

Pursuant to Local Rule 7.1.2(b), Defendants Cyera, US Inc., Matthew Guanciale, and David Schmidt ("Defendants") submit this Notice Supplemental of Authority in support of their Motions to Dismiss (D.I. 33; 35) and state as follows:

On July 16, 2025, Defendants filed Motions to Dismiss Plaintiff's Amended Complaint. In support of their motions, Defendants argued that, among other things, Plaintiff's federal Defend Trade Secret Act ("DTSA") claim fails as a matter of law because the inevitable disclosure doctrine cannot support a DTSA claim. Defendants, however, acknowledged this Court had yet to directly address the issue. *See* D.I. 34, at 16-18; D.I. 36, at 18.

Since Defendants filed their Motions to Dismiss, this Court has *twice* held a party cannot rely on the inevitable disclosure doctrine to support a federal DTSA claim. *Imagine Grp., LLC v. Biscanti*, 2025 WL 3268486, at *3 (D. Del. Nov. 24, 2025) (dismissing DTSA claim to the extent it relies on the inevitable disclosure doctrine and concluding "language of the DTSA does not support plaintiffs' ability to state a claim under the 'inevitable disclosure' theory"); *Fair Isaac Corp. v. Gurobi Optimization, LLC*, 2025 WL 2636403, at *3-6 (D. Del. Sept. 12, 2025) (same).

In *Fair Isaac*, Fair Isaac Corp. ("FICO") brought a DTSA claim against its competitor,

Gurobi, and alleged a former employee was privy to confidential and valuable information, including trade secrets, and therefore the former employee will inevitably disclose plaintiff's trade secrets to Gurobi during his employment. *Fair Isaac Corp.*, 2025 WL 2636403, at *1. Relying on the plain text of the DTSA and district court decisions from outside the Third Circuit – including many Defendants cited in their briefs – Judge Andrews dismissed without prejudice plaintiff's DTSA claim because a party may not rely on the inevitable disclosure to plead threatened misappropriation of trade secrets. *Id.* at *6. According to Judge Andrews, allegations that a former employee merely resigned and failed to provide "assurance" he would not disclose plaintiff's trade secrets was insufficient to establish threatened misappropriation of trade secrets under the DTSA. *Id.* The Court further found plaintiff failed to allege the former employee planned to use any of his prior employer's trade secrets, took any documents with him when he left plaintiff, and that the only trade secrets the former employee allegedly possess is "inside his head." *Id.* Thus, this Court found plaintiff failed to adequately allege a DTSA claim, dismissed plaintiff's DTSA claim without prejudice, and declined to exercise supplemental jurisdiction over plaintiff's state law claims. *Id.*

- 3 -

| | |
|---|---|
| Dated: December 2, 2025 | Respectfully submitted, |

| | |
|---|---|
| **YOUNG CONAWAY STARGATT & TAYLOR, LLP** | **REED SMITH LLP** |
| /s/Mary F. Dugan | /s/ Brian M. Rostocki |
| Mary F. Dugan (No. 4704) | Brian M. Rostocki (No. 4599) |
| Alpa Bhatia (No. 6977) | 1201 North Market Street, Suite 1500 |
| 1000 North King Street | Wilmington, DE  19801 |
| Wilmington, DE 19801 | Telephone: (302) 778-7500 |
| Telephone: (302) 571-6600 | brostocki@reedsmith.com |
| mdugan@ycst.com | |
| abhatia@ycst.com | **OF COUNSEL:** |
| | (*pro hac vice*) |
| *Attorneys for Defendants Matthew Guanciale and David Schmid* | Adam R. Roseman, Esq. |
| | 1717 Arch Str., Suite 3100 |
| | Philadelphia, PA, 19103 |
| | (215) 851-8103 |
| | aroseman@reedsmith.com |
| | |
| | Garrett Parks, Esq. |
| | 1400 Wewatta Street, Suite 350 |
| | Denver, CO 80202 |
| | (415) 659-4806 |
| | gparks@reedsmith.com |
| | |
| | *Attorneys for Defendant Cyera US Inc.* |