**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| VARONIS SYSTEMS, INC., | |
| Plaintiff, | |
| v. | Civil Action No. 25-571-GBW |
| MATTHEW GUANCIALE, CYERA US INC., and DAVID SCHMID, | |
| Defendants. | |

---

Timothy R. Dudderar, John A. Sensing, Hannah L. Paxton, POTTER ANDERSON & CORROON LLP, Wilmington, DE; Kim R. Walberg, Benjamin S. Morrell, Nadia Diaz-Minor, TAFT STETTINIUS & HOLLISTER LLP, Chicago, IL.

*Counsel for Plaintiff*

Justin M. Forcier, Brian M. Rostocki, REED SMITH LLP, Wilmington, DE; Adam R. Roseman, REED SMITH LLP, Philadelphia, PA; Garrett Parks, REED SMITH LLP, Denver, CO.

*Counsel for Defendant Cyera US Inc.*

Mary F. Dugan, Alpa Bhatia, YOUNG CONAWAY STARGATT & TAYLOR, LLP, Wilmington, DE.

*Counsel for Defendants Matthew Guanciale and David Schmid*

**MEMORANDUM OPINION**

February 10, 2026
Wilmington, Delaware

GREGORY B. WILLIAMS
UNITED STATES DISTRICT JUDGE

On May 8, 2025, Plaintiff Varonis Systems, Inc. ("Varonis" or "Plaintiff") filed its Complaint against Matthew Guanciale ("Mr. Guanciale") and Cyera US Inc. ("Cyera"). D.I. 1. Therein, Plaintiff generally alleged that: (1) Mr. Guanciale, a former employee of Plaintiff, violated a non-compete agreement between Plaintiff and Mr. Guanciale through his employment at Cyera, (2) Mr. Guanciale would, inevitably, disclose Plaintiff's trade secrets during his employment at Cyera, and (3) Cyera interfered with the non-compete agreement though Cyera's continued employment of Mr. Guanciale, despite Cyera's knowledge of the agreement. D.I. 1. On May 8, 2025, Plaintiff also filed a motion for preliminary injunction, seeking to enforce the agreement, and a motion requesting that the Court expedite the case. D.I. 3; D.I. 7.

On June 18, 2025, Plaintiff filed its First Amended Complaint ("FAC"), adding David Schmid ("Mr. Schmid") as a Defendant. D.I. 18. The FAC, like the Complaint before it, alleges violation of non-compete agreements (including the newly alleged non-compete agreement between Plaintiff and Mr. Schmid), inevitable disclosure of trade secrets (including by Mr. Schmid), and Cyera's interference with the non-compete agreements (including with respect to Mr. Schmid). D.I. 18. On June 18, 2025, Plaintiff also filed another motion for a preliminary injunction, this time seeking to enforce the non-compete agreement with Mr. Schmid, and an additional motion requesting that the Court expedite the case. D.I. 19; D.I. 23.

On July 16, 2025, Cyera (D.I. 33) and Messrs. Guanciale and Schmid ("Individual Defendants") (D.I. 35) filed separate motions to dismiss. On September 11, 2025, Plaintiff requested oral argument on these motions. D.I. 51. On December 1, 2025, the parties, in response to an Oral Order from this Court, filed a proposed scheduling order and requested that the Court

enter said proposed scheduling order. D.I. 53. On December 2, 2025, Cyera and Individual Defendants (together, "Defendants") filed a notice of supplemental authority in support of their motions to dismiss. D.I. 54. On January 9, 2026, Plaintiff filed a motion requesting leave to respond to Defendants' notice of supplemental authority. D.I. 55.

The Court has not yet addressed any of these motions or requests and each remains pending before the Court. In Summary, these motions and requests include:

1. Plaintiff's Motion for Preliminary Injunction ("First Motion for Preliminary Injunction") (D.I. 3), which has been at least partially briefed (D.I. 4; D.I. 38);

2. Plaintiff's Motion for Expedited Discovery and for Briefing Schedule on Motion for Preliminary Injunction ("First Motion for Expedited Schedule") (D.I. 7), which is fully briefed (D.I. 7; D.I. 37; D.I. 45);

3. Plaintiff's Motion for Preliminary Injunction against Defendant Schmid ("Second Motion for Preliminary Injunction") (D.I. 19) (together with the First Motion for Preliminary Injunction, "Motions for Preliminary Injunction"), which has been at least partially briefed (D.I. 20; D.I. 39);

4. Plaintiff's Motion for Expedited Discovery and for Briefing Schedule and Hearing on Motion for Preliminary Injunction against Defendant David Schmid ("Plaintiff's Second Motion for Expedited Schedule) (D.I. 23) (together with the First Motion for Expedited Schedule, "Motions for Expedited Schedule"), which has been fully briefed (D.I. 23; D.I. 37; D.I. 45);

5. Cyera's Motion to Dismiss ("Cyera's Motion to Dismiss") (D.I. 33), which has been fully briefed (D.I. 34; D.I. 46; D.I. 49);

6.  Individual Defendants' Motion to Dismiss ("Individual Defendants' Motion to Dismiss") (D.I. 35) (together with Cyera's Motion to Dismiss, "Defendants' Motions to Dismiss"), which has been fully briefed (D.I. 36; D.I. 47; D.I. 50);

7.  Plaintiff's Request for Oral Argument (D.I. 51);

8.  The Parties' Joint Request for an Entry of their Proposed Scheduling Order (D.I. 53); and

9.  Plaintiff's Motion for Leave to File Response to Defendants' Notice of Supplemental Authority ("Motion to Respond to Supplemental Authority") (D.I. 55), which is unopposed.

For the reasons set forth below, the Court grants Defendants' Motions to Dismiss (D.I. 33; D.I. 35). In summary, Plaintiff brings one federal law claim (violation of the Defend Trade Secrets Act) and three state law claims (breach of contract, violation of the Delaware Uniform Trade Secrets Act, and tortious interference). D.I. 18 ¶¶ 114-59. Plaintiff, however, fails to sufficiently allege its federal law claim and, without federal question jurisdiction, the Court exercises its discretion to decline supplemental jurisdiction over the state law claims. Accordingly, the Court grants Defendants' Motions to Dismiss. Without any viable claims before the Court, the Court denies-as-moot Plaintiff's Motions for Preliminary Injunction, Plaintiff's Motions for Expedited Schedule, and the parties' request for an entry of their proposed scheduling order. Since the Court was able to resolve Defendants' Motions to Dismiss without reaching the issue that was the topic of Defendants' notice of supplemental authority, the Court declines Plaintiff's Motion to Respond to Supplemental Authority. Since the Court was able to resolve all pending motions without oral argument, the Court denies-as-moot Plaintiff's request for oral argument. The Court will permit Plaintiff to file a Second Amended Complaint.

## I.    LEGAL STANDARDS

To state a claim on which relief can be granted, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Such a claim must plausibly suggest "facts sufficient to 'draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Doe v. Princeton Univ.*, 30 F.4th 335, 342 (3d Cir. 2022) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). "A claim is facially plausible 'when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Klotz v. Celentano Stadtmauer & Walentowicz LLP*, 991 F.3d 458, 462 (3d Cir. 2021) (quoting *Iqbal*, 556 U.S., at 678). But the Court will "'disregard legal conclusions and recitals of the elements of a cause of action supported by mere conclusory statements.'" *Princeton Univ.*, 30 F.4th, at 342 (quoting *Davis v. Wells Fargo*, 824 F.3d 333, 341 (3d Cir. 2016)).

In evaluating a motion to dismiss, "[t]he issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." *Pinnavaia v. Celotex Asbestos Settlement Tr.*, 271 F. Supp. 3d 705, 708 (D. Del. 2017) (quoting *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1420 (3d Cir. 1997)), *aff'd*, 2018 U.S. App. LEXIS 38873 (3d Cir. Apr. 6, 2018). Rule 12(b)(6) requires the Court to "accept all factual allegations in a complaint as true and take them in the light most favorable to Plaintiff." *Brady v. Media*, No. 23-cv-1078-GBW, 2024 U.S. Dist. LEXIS 160991, at *4 (D. Del. Sep. 6, 2024). "A motion to dismiss 'may be granted only if, accepting all well-pleaded allegations in the complaint as true, and viewing them in the light most favorable to plaintiff, plaintiff is not entitled to relief.'" *McCrone v. Acme Markets*, 561 F. App'x 169, 172 (3d Cir. 2014) (quoting *Burlington Coat Factory*, 114 F.3d at 1420). The "movant bears the burden of demonstrating that the complainant failed to state

a claim upon which relief may be granted." *Abbott Diabetes Care, Inc. v. DexCom, Inc.*, No. 23-cv-239-KAJ, 2024 U.S. Dist. LEXIS 96985, at *4 (D. Del. May 31, 2024).

## II.    DISCUSSION

Plaintiff fails to sufficiently state a claim under the Defend Trade Secrets Act ("DTSA") as a matter of law. "To state a claim under the DTSA, 'a plaintiff must identify a trade secret with sufficient particularity so as to provide notice to a defendant of what he is accused of misappropriating and for a court to determine whether misappropriation has or is threatened to occur.'" *Power Integrations, Inc. v. Silanna Semiconductor N. Am., Inc.*, No. 19-1292-LPS, 2020 U.S. Dist. LEXIS 113688, at *4 (D. Del. June 29, 2020) (quoting *Flexible Techs., Inc. v. SharkNinja Operating LLC*, No. 18-cv-348-CFC, 2019 U.S. Dist. LEXIS 55794, at *5-6 (D. Del. Mar. 29, 2019)).

"Under the statute, a trade secret is defined as information that (i) 'the owner thereof has taken reasonable measures to keep . . . secret' and (ii) 'derives independent economic value, actual or potential, from not being generally known to, and not being readily ascertainable through proper means by, another person who can obtain economic value from the disclosure or use of [such] information.'" *Id.* at *4-5 (quoting 18 U.S.C. § 1839(3)).

In *Eastman Chemical Co. v. AlphaPet Inc.*, No. 09-cv-971-LPS-CJB, 2011 U.S. Dist. LEXIS 127757, at *15-16 (D. Del. Nov. 4, 2011), the court held that the plaintiffs had alleged "sufficient factual information to provide adequate notice of the plausible grounds for [plaintiffs'] misappropriation claim" because of plaintiffs' "repeated references to" the particular technology, and manufacture thereof, giving rise to the misappropriation claim, i.e., the "IntegRex™ PET technology." In contrast, in *Medafor, Inc. v. Starch Med., Inc.*, No. 09-CV-0441 (PJS/FLN), 2009 U.S. Dist. LEXIS 61345, at *3 (D. Minn. July 16, 2009), the complaint alleged disclosure of generic categories of trade secrets that included "business methodologies, formulas, devices, and

6

compilations of information, including suppliers and customers." The court held that these categories were "so broad as to be meaningless." *Id.*

Here, Plaintiff alleges that Mr. "Guanciale had extensive access to confidential information, including current and prospective customer details, business arrangements, price strategies, product information (including unique technologies processes that give Varonis a competitive advantage), product development roadmaps, product integration capabilities, procedures and protocols for providing technical support and after-sales services, marketing strategies, and importantly, competitive analyses (including analysis on competitor's products including their strengths and weaknesses)." D.I. 18 ¶ 34; *see also* D.I. 46 at 12 (contending that ¶ 34 of the FAC "identifies Varonis's trade secrets in clearly delineated categories"). Similarly, Plaintiff alleges that Mr. "Schmid had extensive access to confidential information, including current and prospective customer details, business arrangements, price strategies, product information, product development roadmaps, product integration capabilities, procedures and protocols for providing technical support and after-sales services, marketing strategies, and importantly, competitive analyses." D.I. 18 ¶ 89.

Like the categories of trade secrets alleged in *Medafor*, the categories of trade secrets alleged in the FAC are "so broad as to be meaningless." *See Medafor, Inc.*, 2009 U.S. Dist. LEXIS 61345, at *3. They provide "almost no guidance as to the nature of the alleged trade secret[(s)], leaving the defendant [and the Court] to guess at which of the legions of its unidentified [items] was alleged to have been wrongfully misappropriated." *See Power Integrations, Inc.*, 2020 U.S. Dist. LEXIS 113688, at *6 (citations omitted). For example, the alleged "business arrangements" (D.I. 18 ¶¶ 34, 89) woefully fail to apprise Defendants and the Court of a specific item or items misappropriated. The categories of "marketing strategies" (D.I. 18 ¶¶ 34, 89) and the remaining

scattershot of categories of trade secrets alleged in the FAC fare no better. Thus, Plaintiff fails to sufficiently state a claim for violation of the DTSA as a matter of law.

Without any viable federal cause of action, the Court exercises its authority to decline supplemental jurisdiction over the remaining state claims. *See Lithero, LLC v. AstraZeneca Pharms. LP*, Case No. 19-2320-RGA, 2020 WL 4699041, at *2 (D. Del. Aug. 13, 2020) (dismissing a DTSA claim and declining to "exercise supplemental jurisdiction over the remaining claims").

## III.    CONCLUSION

For all of the foregoing reasons, the Court grants Cyera's Motion to Dismiss (D.I. 33) and Individual Defendants' Motion to Dismiss (D.I. 35). Without any viable claims before the Court, the Court denies-as-moot Plaintiff's Motion for Preliminary Injunction (D.I. 3), Plaintiff's Motion for Expedited Discovery and for Briefing Schedule on Motion for Preliminary Injunction (D.I. 7), Plaintiff's Motion for Preliminary Injunction against Defendant Schmid (D.I. 19), Plaintiff's Motion for Expedited Discovery and for Briefing Schedule and Hearing on Motion for Preliminary Injunction against Defendant David Schmid (D.I. 23), and the Parties' Joint Letter Requesting Entry of Proposed Scheduling Order (D.I. 53). Since the Court was able to resolve Defendants' Motions to Dismiss without reaching the issue that was the subject of Defendants' Notice of Supplemental Authority in Support of their Motions to Dismiss (D.I. 54), the Court denies Plaintiff's Motion for Leave to File Response to Defendants' Notice of Supplemental Authority (D.I. 55). Since the Court was able to resolve all motions without oral argument, the Court denies-as-moot Plaintiff's Request for Oral Argument (D.I. 51). The Court will permit Plaintiff to file a Second Amended Complaint. The Court will enter an Order consistent with this Memorandum Opinion.

8