**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| VARONIS SYSTEMS, INC.,<br><br>Plaintiff,<br><br>v.<br><br>MATTHEW GUANCIALE, CYERA US INC., and DAVID SCHMID,<br><br>Defendants. | Civil Action No. 25-571-GBW |

**ORDER**

AND NOW, this 14th day of October 2026, **IT IS HEREBY ORDERED** that Defendant Cyera US Inc.'s ("Cyera") Motion to Dismiss (D.I. 66) and Defendants Matthew Guanciale and David Schmid's Motion to Dismiss (D.I. 68) are **GRANTED-IN-PART** and **DENIED-IN-PART** as follows:

1. Cyera's request to strike Count VII of the Second Amended Complaint ("SAC") (D.I. 60 ¶¶ 212-19) and the related allegations (*id.* ¶¶ 160-65) is **GRANTED**.
2. Cyera's request to strike the allegations in the SAC related to lost enterprise opportunities (D.I. 60 ¶¶ 107-15, 154-59) is **DENIED**.
3. Defendants' motions to dismiss Count III of the SAC, the Defend Trade Secrets Act ("DTSA") claim, are **DENIED**.
4. Defendants' motions to dismiss Count IV of the SAC, the Delaware Uniform Trade Secrets Act ("DUTSA") claim, are **GRANTED**. Count IV of the SAC is dismissed without prejudice, and Plaintiff is granted leave to file a Third Amended Complaint strictly to add a trade secret misappropriation claim (or, if necessary, one claim for Mr. Guanciale and one for Mr. Schmid) under a state law that reaches Defendants' conduct or to allege facts

to which the DUTSA would apply. If Plaintiff chooses to file a Third Amended Complaint, Plaintiff must do so within twenty-one (21) days of the date of entry of this Order.

5. Defendants' motions to dismiss Counts I and II of the SAC are **GRANTED-IN-PART and DENIED-IN-PART**. Specifically, Defendants' motions to dismiss are granted with respect to the non-compete, non-solicit and non-interference provisions of Plaintiff's employment agreement with Defendants Schmid and Guanciale ("Employment Agreement") (D.I. 60-2). Counts I and II of the SAC are dismissed with prejudice to the extent those claims rely on the non-compete, non-solicit, and non-interference provisions of the Employment Agreement. Defendants' motions to dismiss are denied with respect to the non-disclosure provisions of the Employment Agreement. Counts I and II of the SAC may proceed to the extent those claims are based on the non-disclosure provisions of the Employment Agreement.
6. Cyera's motion to dismiss Counts V and VI of the SAC is **GRANTED**. Counts V and VI of the SAC are dismissed with prejudice.

GREGORY B. WILLIAMS
UNITED STATES DISTRICT JUDGE